THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KANDACE KAY EDWARDS, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DAVID COFIELD, in his official capacity as Randolph County Sheriff, | ) ) ) |
| CHRISTOPHER MAY, in his official capacity as Circuit Clerk, | ) ) ) |
| JILL PUCKETT, in her official capacity as Magistrate of the Randolph County District Court, and | ) ) ) ) |
| CLAY TINNEY, in his official capacity as the District Court Judge of the Randolph County District Court, | ) ) ) ) |
| Defendants. | ) ) |

Case No. 3:17-cv-321-WKW
(Class Action)

RECEIVED
2017 MAY 18 P 12: 32
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This case is about Defendants' wealth-based pretrial detention system that operates to detain poorer arrestees while letting wealthier arrestees go free. Plaintiff Kandace Kay Edwards is a pretrial arrestee who cannot pay the predetermined, secured money bail that Defendants require for her release. Plaintiff is therefore being detained solely due to her lack of wealth. On behalf of the many other arrestees who are or will be subjected to Defendants' wealth-based pretrial detention scheme, the named Plaintiff challenges in this action Defendants' practice of conditioning pretrial freedom on money bail set without a prompt release hearing, inquiry into or

1

findings concerning ability to pay, or any consideration of nonmonetary alternative conditions of release.

## I.  Proposed Class

The named Plaintiff proposes to certify the following Class for the purpose of pursuing declaratory and injunctive relief: all arrestees who are or who will be jailed in Randolph County who are unable to pay the secured monetary bail amount required for their release. Every Class Member suffers the same injury: they are detained solely because they are unable to pay the money bail amount that Defendants have predetermined for their release.

The named Plaintiff representing this Declaratory and Injunctive Class is Kandace Kay Edwards. Ms. Edwards is a 29-year old woman, who lives in Roanoke, Alabama. Edwards Decl. ¶ 1. She is a mother of two children, who are one and two years old. *Id.* ¶ 4. She is also 7.5 months pregnant. *Id.* The pregnancy is high-risk. *Id.*

On May 17, 2017, Ms. Edwards was arrested for forging a check in the amount of $75 and charged with possession of a forged instrument in the second degree, a class C felony. *Id.* ¶ 2; Complaint, attached as Ex. SS to West Decl. She was taken to the Randolph County Jail and told that she had to pay a $7,500 bond required by the bail schedule or she would remain in jail. Edwards Decl. ¶ 3; *see also* Randolph County Bail Schedule, attached as Ex. A to West Decl. A corrections officer told her that she has a court date on June 7, 2017 and that she will remain incarcerated until that date unless she comes up with the money. *Id.* ¶ 9.

Ms. Edwards is indigent and cannot afford to buy her release from jail. *Id.* ¶¶ 6, 9. She has no assets and recently lost her job because her pregnancy made it difficult for her to work. *Id.* ¶ 6. Her only source of income is food stamps. *Id.* ¶ 7. Ms. Edwards also suffers from serious mental illness and is relying on Medicaid to support her through her pregnancy. *Id.*

Ms. Edwards was evicted from her home in December 2016 after losing her job. *Id.* ¶ 6. She has been homeless since the eviction and has been staying between friends' homes. *Id.* Many of those homes do not have power or running water. *Id.*

Ms. Edwards is concerned about her health because her pregnancy is high-risk and she is currently sleeping on a mat on the floor of the jail. *Id.* ¶¶ 4-5.

The crux of Plaintiff's claims is that Defendants' policy of requiring predetermined and secured monetary bail for arrestees to obtain release from custody is unconstitutional because, without advancing any legitimate objectives, the scheme operates to release or detain arrestees based solely on their relative wealth. Those with sufficient resources may buy their freedom immediately; those without must remain in jail, potentially for weeks.

## II.  Discussion

Ms. Edwards requests that the Court certify a class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) for declaratory and injunctive relief. Certification is necessary in this case because joinder is impracticable. While the precise number of class members is unknown, Plaintiff seeks relief on behalf of future class members. Further, because this case challenges Defendants' pretrial detention policies, class membership is inherently transitory. Class certification is also appropriate because Plaintiff's and each class member's claim centers on the legality of Defendants' wealth-based, pretrial detention scheme, which jails arrestees without a determination that they can afford a preset money bail, and without consideration of nonfinancial conditions of release. Addressing these common issues with respect to the Class is therefore superior to the piecemeal litigation of individual claims. As discussed below, Plaintiff satisfies each of the requirements of Fed. R. Civ. P. 23(a) as well as Rule 23(b)(2). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614–15 (1997).

### A.   The Requirements of Rule 23(a) Are Plainly Satisfied

Plaintiffs seeking class certification must meet four factors under Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  These class action prerequisites, known respectively as numerosity, commonality, typicality, and adequacy, are each met in this case.

#### i.   Numerosity

The numerosity requirement of Rule 23(a) is satisfied where the number of potential plaintiffs is "so numerous that joinder of all members" of the class would be "impracticable." Fed. R. Civ. P. 23(a)(1).  "Practicability of joinder depends on many factors, including, for example, the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Kilgo v. Boman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986).  Assessing impracticability requires a "common-sense approach which takes into account the objectives of judicial economy and access to the legal system." *Bradley v. Harrelson*, 151 F.R.D. 422, 426 (M.D. Ala. 1993). "Impracticable does not mean impossible." *D.W. by M.J. Poundstone*, 165 F.R.D. 661, 670 n.3 (M.D. Ala. 1996).

There is no fixed size requirement to demonstrate numerosity, but "generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (citations omitted); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (citing 1 Newberg on Class Actions § 3.05, at 3–25 (3d ed. 1992) for the proposition that a class of more than forty members "should raise a presumption that joinder is impracticable"); *Consolidated*

*Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (noting that "numerosity is presumed at a level of 40 members"). "A plaintiff need not show the precise number of members in the class," *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983), and "[e]stimates as to the size of the proposed class are sufficient for a class action to proceed." *Wright v. Circuit City Stores, Inc.*, 201 F.R.D. 526, 537 (N.D. Ala. 2001) (citations omitted). The Court may also "make 'common sense assumptions' to support a finding of numerosity." *Susan J. v. Riley*, 254 F.R.D. 439, 458 (M.D. Ala. 2008) (citing *Evans*, 696 F.2d at 930). Finally, "where the numerosity question is a close one, a balance should be struck in favor of a finding of numerosity, since the court has the option to decertify pursuant to Rule 23(c)(1)." *Evans*, 696 F.2d at 930.

Joinder of the proposed Class members is impracticable. A review of Randolph County's jail logs show that on April 6, 2017 about 40 people were detained on secured money bail. Decl. of [Micah West] ¶ 47. This number will almost certainly increase, as additional people are arrested in the future and subjected to Defendants' wealth-based detention scheme. Because the proposed Class includes future members, traditional joinder is not practicable.

Moreover, future Class Members will suffer the same injury absent injunctive relief from Defendants' policy of requiring a predetermined amount of secured money bail. Class relief targeting Defendants' unconstitutional wealth-based detention scheme is therefore appropriate because, regardless of the size of the Class, traditional joinder is not practicable. *See* Moore's Federal Practice—Civil § 23.22(f) ("Class-action plaintiffs seeking injunctive or declaratory relief frequently seek to define a class to include people who might be injured in the future. Courts in these cases often find that joinder of separate suits would be impracticable because those who have not yet been injured, or who do not know that they have been injured, are

unlikely to join a lawsuit."); Newberg on Class Actions § 25:4 (4th ed.) ("Even a small class of fewer than 10 actual members may be upheld if an indeterminate number of individuals are likely to become class members in the future or if the identity or location of many class members is unknown for good cause."); *see also Kilgo*, 789 F.2d at 878 (finding impracticability of non-class joinder for a class including future members, who necessarily could not yet be identified). In such cases, the numerosity requirement is satisfied because the putative class seeks declaratory and injunctive relief against an ongoing policy, a resolution will affect numerous people in the future, and the composition of the class is fluid and unknown. *Jones v. Diamond*, 519 F.2d 1090, 1100 (5th Cir. 1975)[1] (granting liberal construction of numerosity prong in a case seeking injunctive relief on behalf of future class members because "[t]he general rule encouraging liberal construction of civil rights class actions applies with equal force to the numerosity requirement of Rule 23(a)(1)."); *see also, e.g., Walker v. City of Calhoun*, No. 4:15-cv-170-HLM, 2016 WL 361580, at *6 (N.D. Ga. Jan. 28, 2016) ("[T]here is a future stream of class members who would suffer the same injury absent injunctive relief. Under those circumstances, the Court agrees with Plaintiff that joinder is impracticable."); *Brown v. City of Barre*, No. 5:10-CV-81, 2010 WL 5141783, at *4 (D. Vt. 2010); *J.D. v. Nagin*, 255 F.R.D. 406, 414 (E.D. La. 2009); *Nicholson v. Williams*, 205 F.R.D. 92, 98 (E.D.N.Y. 2001); *Goodnight v. Shalala*, 837 F. Supp. 1564, 1582 (D. Utah 1993).

Joinder is also impracticable because present membership in the proposed Class is inherently transitory. As the Supreme Court explained in *Gerstein v. Pugh*, 420 U.S. 103 (1975), "[p]retrial detention is by nature temporary." *Id.* at 110–11 n.11. To paraphrase the Court,

---

[1] The Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

which was addressing mootness for inherently transitory classes, "[i]t is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough" to adjudicate her personal claims for injunctive relief, a fate likely to befall most members of the class. *Id.* Class treatment is thus necessary to prevent the transitory nature of Plaintiffs' claims from "effectively insulat[ing] defendants' conduct from review." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1531 (2013).

Joinder is also impracticable because the proposed Class members will lack the financial resources to initiate individual lawsuits, as well as the legal sophistication to initiate this litigation on their own. The only reason Class members are in jail is because they lack the financial resources to pay secured money bail. This supports a finding of joinder impracticability. *See Gerardo v. Quong Hop & Co.*, No. C08-3953JF (PVT), 2009 WL 1974483, at *2 (N.D. Cal. 2009) (certifying class where "potential class members are not legally sophisticated" making it difficult for them to bring individual claims); *Jackson v. Foley*, 156 F.R.D. 538, 541–42 (E.D.N.Y. 1994) (finding numerosity and impracticable joinder when the majority of class members came from low-income households, greatly decreasing their ability to bring individual lawsuits); *Sherman v. Griepentrog*, 775 F. Supp. 1383, 1389 (D. Nev. 1991) (holding, in action brought for injunctive relief challenging Medicaid policy, that joinder was impracticable because the proposed class consisted of poor and elderly or disabled people who could not bring individual lawsuits without hardship). Finally, judicial economy will be significantly better served by resolving the central factual and legal issues concerning Defendants' wealth-based bail scheme in one proceeding, as opposed to requiring multiple proceedings as Defendants continue to detain arrestees based on wealth alone.

    ii. **Commonality**

This case also satisfies Rule 23(a)(2)'s requirement that "there are questions of law or fact common to the class." *Weekes-Walker v. Macon Cnty. Greyhound Park*, 281 F.R.D. 520, 525 (M.D. Ala. 2012). The threshold for satisfying the commonality requirement is "not high." *Groover v. Michelin N. Am., Inc.*, 187 F.R.D. 662, 666 (M D. Ala. 1999) (citation omitted).

To meet the commonality requirement, there must "be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Industries, Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (quoting *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982) (quotations removed)). Traditionally, the Rule asks whether the disputed questions are capable of class-wide proof or resolution. *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). Claims need not be identical to satisfy this requirement, and variations within the class are permissible. *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000). By their nature, civil rights cases often easily demonstrate commonality because the defendants' actions are "central to the claims of all class members irrespective of their individual circumstances and the disparate effects of the conduct." *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 57 (3d Cir. 1994) (citing 7A Charles A Wright, et al., Fed. Prac. & Proc. § 1763 at 219 (1986)).

Although there need only be common issues of law *or* fact under Rule 23(a), this case presents numerous issues of both law and fact that are common to the Class. Among the most important common questions of fact are:

- Whether the Randolph County District Court and Defendant Cofield uses a bail schedule created by Defendants May and Tinney;

- Whether Defendant Cofield releases arrestees from jail who pay the monetary amount required by the bail schedule and detains those who cannot;

8

- Whether Defendant Cofield detains all individuals who are unable to pay the monetary amount required under the bail schedule regardless of whether inquiry into their ability to pay has been made; and

- Whether and when Defendants Tinney and Puckett conduct individualized release hearings and what procedural protections, if any, Defendants Tinney and Puckett provide to defendants at those hearings.

Each of these factual questions relates to Defendants' post-arrest procedures for determining pretrial release in Randolph County.

Among the most important dispositive common questions of law are:

- Whether setting a financial condition of pretrial release without inquiry into and findings concerning a person's ability to pay, and without consideration of alternative conditions of relief, violates the Fourteenth Amendment's Due Process and Equal Protection Clauses;

- Whether Defendants' actions in detaining poor arrestees solely based on their inability to pay a predetermined amount of money violates the Fourteenth Amendment's Due Process and Equal Protection Clauses;

- Whether Defendants' detention of poor arrestees without providing a sufficiently prompt release hearing violates the Fourteenth Amendment; and

- Whether Defendants' detention of poor arrestees without conducting an individualized release hearing with adequate procedural safeguards violates the Fourteenth Amendment.

This case exemplifies the Supreme Court's explanation of commonality in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). The Court clarified that it is not just the existence of

hypothetical common questions that justify class treatment. *Id.* at 349–50. Rather, there must be common answers that resolve the factual or legal claims presented by the plaintiffs. *Id.* at 350. In this case, the answers to the fundamental common questions of fact and law listed above are dispositive in determining Defendants' liability to all Class members. To illustrate: If Defendants have a policy and practice of releasing only those arrestees who can afford a fixed monetary bail imposed on them while detaining those who cannot, then this litigation turns on whether Defendants' practice of detaining any pretrial arrestee who cannot afford to pay for their release from jail is unlawful. *See Walker*, 2016 WL 361580 at *6 (finding that the factual and legal questions surrounding city's bail policies and practices presented questions common to the entire class).

Although there may be factual variations in some details of any Class Member's case, such as differences in arrest charges, these differences are immaterial to the merits and "will not defeat the commonality requirement, so long as a single aspect or feature of the claim is common to all proposed class members." *Bynum v. District of Columbia*, 214 F.R.D. 27, 33 (D.D.C. 2003); *see also Dukes*, 564 U.S. at 350 (commonality satisfied if one can resolve an issue central to Plaintiffs' claims "in one stroke."). The claims raised by the Class Members are independent of issues like specific arrest charges; instead, the claims are based primarily on the longstanding principle that a person cannot be jailed for prolonged periods of time simply due to wealth.

### iii. Typicality

Because the named Plaintiff's claims are identical to the claims of all Class Members, Rule 23(a)(3)'s "typicality" requirement is met. Under Rule 23(a)(3), "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 97 S. Ct. 1891, 1896 (1977)

(quoting *Schlesinger v. Reservists Committee to Stop the War*, 431 U.S. 395, 403 (1974)). "Typicality, however, does not require identical claims or defenses." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Rather, "typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Prado-Steiman*, 221 F.3d at 1279. "A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg*, 741 F.2d at 1337; *see also, e.g., Hardy v. District of Columbia*, 283 F.R.D. 20, 25 (D.D.C. 2012) (typicality requires only that "the class representatives have suffered injuries in the same general fashion as absent class members"); Moore's Federal Practice - Civil § 23.24 ("Because the claims need only share the same essential characteristics and need not be identical, courts have concluded that the typicality requirement is not highly demanding.").[2]

Here, the named Plaintiff's legal claims are the same as the legal claims of the other members of the proposed Class. The named Plaintiff and Class Members are all injured in the same way: they are detained because they are unable to afford a predetermined amount of secured money bail that Defendants require as a condition for pretrial freedom. The named Plaintiff is threatened with the same ongoing and future injury as the Class: confinement in jail because of the inability to pay an arbitrary amount of money. *See* Newberg on Class Actions § 23:4 (4th ed.) ("[T]he typicality requirement is generally satisfied when the representative plaintiff is subject to the same statute, regulation, or policy as class members."). The claims of

---

[2] The typicality and commonality requirements of Rule 23(a) "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Prado-Steiman*, 221 F.3d at 1279 (quotations omitted).

the named Plaintiff also rely on the same legal theories as the claims of all other Class members concerning whether Defendants' wealth-based detention scheme is unconstitutional. *See James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) ("If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.") (quotations omitted), *abrogated on other grounds by In re Rodriguez*, 695 F.3d 360 (5th Cir. 2012). The proof concerning whether Defendants engage in those policies and the legal argument about whether those policies are unlawful are critical for each Class member in this case to establish the liability of Defendants. *See Walker*, 2016 WL 361580 at *7 (finding typicality requirement satisfied in case where plaintiff sought to represent class of arrestees unable to pay for their release as a result of an arrest because plaintiff's claims arose out of the same conduct as the class's claims, his claims are the same as those of the proposed class, and he was injured in the same way as other class members).

Thus, if the named Plaintiff succeeds in proving that Defendants' policies and practices concerning pretrial detention as alleged in the Complaint are unlawful, then that ruling will necessarily benefit every other member of the Class. That is the essence of Rule 23(a)'s typicality requirement.

### iv. Adequacy

The Class representative will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy analysis "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (citation omitted).

Regarding the first inquiry, the named Plaintiff is an adequate representative of the Class

because her interests in the vindication of the legal claims that she raises are completely aligned with the interests of the other Class Members. She is a member of the Class, and her interests coincide with, and are not antagonistic to, those of the other Class Members. The named Plaintiff, like other Class Members, has a strong interest in no longer being detained unlawfully. There are no known conflicts of interest among Members of the proposed Class, all of whom have a similar interest in vindicating their constitutional rights in the face of their unlawful treatment by Defendants.

**B.     The Requirements of Rule 23(b) Are Met.**

A putative class action must also meet the requirements of either Rule 23(b)(1), Rule 23(b)(2), or Rule 23(b)(3).[3] Rule 23(b)(2) provides for class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. Pro. Rule 23(b)(2); *Susan J. v. Riley*, 254 F.R.D. 439, 462 (M.D. Ala. 2008). The term "generally applicable" does not require "that the party opposing the class . . . act directly against each member of the class." *Anderson v. Garner*, 22 F. Supp. 2d 1379, 1386

---

[3] At least with respect to a Damages Class under Rule 23(b)(3) (which Plaintiff does not seek here), courts have held that "ascertainability" is, in essence, a fifth Rule 23 prerequisite. A class must be "adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970). "In other words, the class must meet a minimum standard of definiteness which will allow the trial court to determine membership in the proposed class," although "'[i]t is not necessary that the members of the class be so clearly identified that any member can be presently ascertained.'" *Earnest v. GMC*, 923 F. Supp. 1469, 1473 & n.4 (N.D. Ala. 1996) (quoting *Carpenter v. Davis*, 424 F.2d 257, 260 (5th Cir. 1970)).

Although it is doubtful that such a requirement should exist with respect to a purely injunctive class under Rule 23(b)(2), *see, e.g.*, *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 592–93 (3d Cir. 2012) (noting that the rule has been applied to Rule 23(b)(3) damages classes), that requirement is easily met here. Defendants already have in their possession the identity of each and every person who they are keeping in custody after an arrest because of the inability to post a cash bond. Also, by necessity, Defendants will come to know the identity of each future arrestee.

(N.D. Ga. 1997) (quotation and citation omitted). Rather, the key is whether the defendants' actions "would affect all persons similarly situated so that [their] acts apply generally to the whole class." *Id.*

This case falls squarely within this requirement of the appropriateness of declaratory or injunctive relief to the class as a whole, because Defendants have created and applied a uniform wealth-based detention scheme: Defendants demand money bail from every arrestee as a requirement for pretrial freedom. The Sheriff immediately releases those arrestees wealthy enough to pay and detains those arrestees too poor to pay.

The Class therefore seeks declaratory and injunctive relief to enjoin Defendants from continuing in the future to enforce their policy of conditioning post-arrest freedom on access to money. The relief sought—an order declaring Defendants' money bail practices unconstitutional and an injunction and judgment preliminarily and permanently enjoining the Sheriff from enforcing those unconstitutional policies—would apply equally to the entire Class. In other words, the current practices are unconstitutional, and any new lawful policies and procedures would have to be applied by Defendants in a consistent way to all arrestees. Because the putative Class challenges Defendants' wealth-based detention practices as unconstitutional, declaratory and injunctive relief would apply the same relief to every member of the Class, so Rule 23(b)(2) is appropriate and necessary. *See, e.g., In re Veneman*, 309 F.3d 789, 792 (D.C. Cir. 2002) ("Rule 23(b)(2) certification is appropriate where plaintiffs seek declaratory or injunctive relief for class-wide injury.").[4] As the Supreme Court explained recently:

---

[4] Rule 23(b)(2) arose out of experience "in the civil rights field," *Amchem*, 521 U.S. at 614 (citation omitted), in which the government typically treats a whole class in an unconstitutional manner based on law or government policy. "Rule 23(b)(2) was promulgated in 1966 essentially as a tool for facilitating civil rights actions." Moore's Federal Practice § 23.43; *see also* Newberg

> When a class seeks an indivisible injunction benefitting all its members at once, there is no reason to undertake a case-specific inquiry into whether class issues predominate or whether class action is a superior method of adjudicating the dispute. Predominance and superiority are self-evident.

*Dukes*, 564 U.S. at 362–63. A declaration and an injunction stating that Defendants cannot use money bail to keep poor arrestees in jail and free wealthy arrestees without any inquiry into or findings concerning their ability to pay would provide relief to every member of the Class. *See Holmes v. Continental Can Co.*, 706 F.2d 1144, 1155 (11th Cir. 1983) (Rule 23(b)(2) applies to "claims resting on the same grounds and applying more or less equally to all members of the class.").

As the simple relief requested in this case makes clear, the requirements of Rule 23(b)(2) are satisfied because "the predominant relief sought is injunctive or declaratory." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411 (5th Cir. 1998) *Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994) (The requirements of Rule 23(b)(2) are "almost automatically satisfied in actions primarily seeking injunctive relief" for common legal claims.); *see also Ass'n for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 465 (S.D. Fla. 2002) (finding class certification appropriate when "the Class Plaintiffs sought exclusively injunctive relief based on their allegations").

Certification of the Injunctive Class under Rule 23(b)(2) is merited because the named Plaintiff and Class Members are all people who currently or imminently face jailing because of Defendants' ongoing wealth-based detention practices and who, absent the relief that they seek,

---

on Class Actions § 1:3 (5th ed.) ("Rule 23(b)(2) authorizes a class action when a party has taken or refused to take action with respect to a class, and final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole. This category is typically employed in civil rights cases and other actions not primarily seeking money damages. The (b)(2) class action is often referred to as a 'civil rights' or 'injunctive' class suit.").

15

will be subjected to a flagrantly unconstitutional set of practices, policies, and procedures.

### C. Undersigned Counsel Satisfy the Requirements of Rule 23(g).

The Plaintiff and proposed Class are represented by attorneys from Civil Rights Corps, the American Civil Liberties Union, and the Southern Poverty Law Center who have experience litigating complex civil rights matters in federal court and extensive knowledge of both the details of unlawful money bail practices and the relevant constitutional law. Alec Karakatsanis Decl. ¶¶ 1-5; Brandon Buskey Decl. ¶¶ 4-5; Samuel Brooke Decl.¶¶ 4-6. Class Counsel have conducted an extensive investigation into the operation of Defendants' wealth-based detention practices. Buskey Decl. ¶ 6; Brooke Decl. ¶ 8. Class counsel have studied the way that these systems function in other jurisdictions in order to investigate the wide array of reasonable constitutional options in practice. Karakatsanis Decl. ¶¶ 4, 6; Buskey Decl. ¶ 5; Brooke Decl. ¶ 7. In sum, Class Counsel have devoted substantial resources to becoming familiar with Defendants' wealth-based detention practices and with the state and federal laws and procedures that govern Plaintiffs' claims.

Moreover, the attorneys representing Plaintiff and the putative Class are experienced in handling class action and civil rights litigation and have particular knowledge of, and experience in, litigating legal claims concerning unlawful policies and practices in court systems. *See* Karakatsanis Decl. ¶¶ 4-5; Buskey Decl. ¶¶ 4-5; Brooke Decl. ¶¶ 4-6. In addition, Class counsel has sufficient financial and human resources to litigate this matter. Karakatsanis Decl. ¶¶ 7; Buskey Decl. ¶ 7; Brooke Decl. ¶ 9. In sum, Plaintiff's attorneys are experienced advocates; possess "sufficient vigor" along with sufficient resources, to adequately represent the Class and prosecute this action; and are appropriate counsel for the matter. *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987) (citations omitted).

III.   Conclusion

For the reasons stated above, the named Plaintiff respectfully asks this Court to certify the declaratory and injunctive Class described in this Motion.

Dated: May 18, 2017.                    Respectfully submitted,

                                        _____
                                        Samuel Brooke
                                        *On behalf of Attorneys for Plaintiff*

                                        Samuel Brooke (ASB-1172-L60B)
                                        Micah West (ASB-1842-J82F)‡
                                        SOUTHERN POVERTY LAW CENTER
                                        400 Washington Avenue
                                        Montgomery, AL 36104
                                        P: (334) 956-8200
                                        F: (334) 956-8481
                                        E: samuel.brooke@splcenter.org
                                        E: micah.west@splcenter.org

                                        Alec Karakatsanis (DC Bar No. 999294)*
                                        Katherine Hubbard (Cal. Bar No. 302729)*
                                        CIVIL RIGHTS CORPS
                                        910 17th Street NW, Suite 500
                                        Washington, DC 20006
                                        P: (202) 930-3835
                                        E: alec@civilrightscorps.org
                                        E: katherine@civilrightscorps.org

                                        Randall C. Marshall (ASB-3023-A56M)
                                        ACLU FOUNDATION OF ALABAMA, INC.
                                        P.O. Box 6179
                                        Montgomery, AL 36106-0179
                                        P: (334) 420-1741
                                        E: rmarshall@aclualabama.org

                                        Brandon Buskey (ASB-2753-A50B)
                                        AMERICAN CIVIL LIBERTIES UNION FOUNDATION
                                        CRIMINAL LAW REFORM PROJECT
                                        125 Broad Street, 18th Floor
                                        New York, NY 10004
                                        P: (212) 549-2654
                                        E: bbuskey@aclu.org

‡ *Admission pending*
\* *Admission pro hac vice pending*
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that arrangements have been made to, on this date, deliver a true and correct copy of the foregoing by hand delivery to the following at the below addresses:

David Cofield, Sheriff
Randolph County Sheriffs' Office
1 N Main Street
Wedowee, AL 36278

Hon. Jill Puckett, Magistrate
Randolph County District Court
1 N Main Street
Wedowee, AL 36278

Christopher May, Circuit Clerk
Randolph County Circuit Court
1 N Main Street
Wedowee, AL 36278

Hon. Clay Tinney, Judge
Randolph County District Court
1 N Main Street
Wedowee, AL 36278

Formal proof of service will be filed with the Court when completed.

I further certify that arrangements have been made to, on this date, deliver a true and correct courtesy copy of the foregoing by hand delivery and by electronic mail to the following:

James W. "Jim" Davis, Section Chief
Constitutional Defense Section
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104
E: jimdavis@ago.state.al.us

Jamie H. Kidd
J. Randall McNeill
WEBB & ELEY, P.C.
P.O. Box 240909
Montgomery, AL 36124
E: jkidd@webbeley.com
E: rmcneill@webbeley.com

John Alvin Tinney
Randolph County Attorney
P.O. Box 1430
Roanoke, AL 36274-9121
E: johntinneyattorney@gmail.com

on this May 18, 2017.

_____
Samuel Brooke