## **DECLARATION OF SARA WOOD**

1. My name is Sara Wood. I have been employed as an outreach paralegal for the Southern Poverty Law Center since February 9, 2015. I have knowledge of the facts contained herein.

2. On May 12, 2017, I called the Randolph County Jail to confirm the jail uses a bail schedule to set an initial bail amount. I was told by the person on the phone that bail is usually set according to the court's bail schedule.

3. I have reviewed every case filed in the Randolph County District Court between April 4, 2017 and April 28, 2017, unless the defendant was charged with a technical violation or an offense not listed on the bail schedule. In total, there were 26 individuals charged with an offense listed on the bail schedule.

4. I selected the defendants by pulling "HotSheets" from Alacourt, Alabama's electronic trial management system. A "HotSheet" is a comprehensive document that contains a summary of all criminal charges filed against individuals in a particular county on a specific day.

5. The bail amounts for these 26 individuals were listed either in Alacourt or on the jail logs for Randolph County, which are available electronically on the Randolph County Sheriff's office's website.

6. In 24 out of 26 cases, bail was initially set at the amount specified by the bail schedule. In the two instances where bail was not set according to the bail schedule, the amount of bail was higher than the corresponding amount on the bail schedule.

7. I also reviewed the Orders on Initial Appearance for every defendant who received an initial appearance between March 29, 2017 and April 20, 2017. In total, 20 defendants had an initial appearance.

8. Every defendant appeared in front of Judge Tinney for their initial appearance. Judge Tinney's signature is located at the bottom of every order for every defendant.

9. The form Order on Initial Appearance instructs the person conducting the initial appearance to "check as applicable" any of 8 listed boxes. One of the boxes is enumerated "bail." The box gives the judicial officer the option of further indicating that he or she "[d]etermined that the defendant shall not be released from custody since [she was] charged with a non-bailable capital offense" or "[d]etermined that the defendant shall be released from custody pending further proceedings . . . ." The order also allows a judicial officer to condition release on the execution of an appearance bond, secured appearance bond, or other conditions.

10. Judge Tinney completed the "bail" box on the Order on Initial Appearance for only two defendants. He did so by checking the box on the order entitled "[b]ail." Judge Tinney further specified on those two orders that he "[d]etermined that the defendant should be released from custody pending further proceedings" and required the defendant to pay a specific secured monetary bail amount to be released from jail.

11. In 18 out of 20 cases, Judge Tinney did not indicate on the Order on Initial Appearance that he had reviewed the defendant's release conditions. However, he did check multiple other boxes in each of these 18 cases indicating that he had reviewed the defendant's charge, informed the defendant of his right to counsel, that the defendant had the right to remain silent, and the defendant had a right to a preliminary hearing.

12. On April 27, 2017, I called Judge Tinney's office to ask how counsel is appointed after a person is arrested. I was informed that if a defendant is unable to hire their own attorney, Judge Tinney will instruct the defendant to complete an affidavit during their initial

appearance in order for counsel to be appointed. I was told Judge Tinney will then make a determination, after the initial appearance, if the defendant is eligible for a court appointed attorney and that appointed attorneys are not present at the initial appearance.

13. On May 2, 2017, I called Judge Tinney's office to ask how often preliminary hearings are held, how often the grand jury sits, and how often trials are held. I spoke with someone who identified herself as Mandy. I later learned that Mandy is Judge Tinney's judicial assistant.

14. Mandy informed me that preliminary hearings are scheduled once a month.

15. Mandy informed me that the grand jury sits every six months.

16. Mandy informed me that the court holds two criminal jury terms, which I understood to mean two criminal jury terms were held every year.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 18 day of May, 2017.

_____
Sara Wood

## CERTIFICATE OF SERVICE

I hereby certify that arrangements have been made to, on this date, deliver a true and correct copy of the foregoing by hand delivery to the following at the below addresses:

David Cofield, Sheriff
Randolph County Sheriffs' Office
1 N Main Street
Wedowee, AL 36278

Hon. Jill Puckett, Magistrate
Randolph County District Court
1 N Main Street
Wedowee, AL 36278

Christopher May, Circuit Clerk
Randolph County Circuit Court
1 N Main Street
Wedowee, AL 36278

Hon. Clay Tinney, Judge
Randolph County District Court
1 N Main Street
Wedowee, AL 36278

Formal proof of service will be filed with the Court when completed.

I further certify that arrangements have been made to, on this date, deliver a true and correct courtesy copy of the foregoing by hand delivery and by electronic mail to the following:

James W. "Jim" Davis, Section Chief
Constitutional Defense Section
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104
E: jimdavis@ago.state.al.us

Jamie H. Kidd
J. Randall McNeill
WEBB & ELEY, P.C.
P.O. Box 240909
Montgomery, AL 36124
E: jkidd@webbeley.com
E: rmcneill@webbeley.com

John Alvin Tinney
Randolph County Attorney
P.O. Box 1430
Roanoke, AL 36274-9121
E: johntinneyattorney@gmail.com

on this May 18, 2017.

_____
Samuel Brooke