**EXHIBIT H**

**To Declaration of Micah West in Support of
Motion for Preliminary Injunction
& Motion for Class Certification**



Home › Publications › Criminal Justice Section Archive › Pretrial Release

Back to Top

Criminal Justice Section Standards

# Pretrial Release

## PART I.
## GENERAL PRINCIPLES

### Standard 10-1.1    Purposes of the pretrial release decision

The purposes of the pretrial release decision include providing due process to those accused of crime, maintaining the integrity of the judicial process by securing defendants for trial, and protecting victims, witnesses and the community from threat, danger or interference. The judge or judicial officer decides whether to release a defendant on personal recognizance or unsecured appearance bond, release a defendant on a condition or combination of conditions, temporarily detain a defendant, or detain a defendant according to procedures outlined in these Standards. The law favors the release of defendants pending adjudication of charges. Deprivation of liberty pending trial is harsh and oppressive, subjects defendants to economic and psychological hardship, interferes with their ability to defend themselves, and, in many instances, deprives their families of support. These Standards limit the circumstances under which pretrial detention may be authorized and provide procedural safeguards to govern pretrial detention proceedings.

### Standard 10-1.2.    Release under least restrictive conditions; diversion and other alternative release options

In deciding pretrial release, the judicial officer should assign the least restrictive condition(s) of release that will reasonably ensure a defendant's attendance at court proceedings and protect the community, victims, witnesses or any other person. Such conditions may include participation in drug treatment, diversion programs or other pre-adjudication alternatives. The court should have a wide array of programs or options available to promote pretrial release on conditions that ensure appearance and protect the safety of the community, victims and witnesses pending trial and should have the capacity to develop release options appropriate to the risks and special needs posed by defendants, if released to the community. When no conditions of release are sufficient to accomplish the aims of pretrial release, defendants may be detained through specific procedures.

**Standards  10-1.3.       Use of citations and summonsese**

The principle of release under least restrictive conditions favors use of citations by police or summons by judicial officers in lieu of arrest at stages prior to first judicial appearance in cases involving minor offenses. In determining whether an offense is minor, consideration should be given to whether the alleged crime involved the use or threatened use of force or violence, possession of a weapon, or violation of a court order protecting the safety of persons or property.

**Standard  10-1.4.       Conditions of release**

(a)   Consistent with these Standards, each jurisdiction should adopt procedures designed to promote the release of defendants on their own recognizance or, when necessary, unsecured bond. Additional conditions should be imposed on release only when the need is demonstrated by the facts of the individual case reasonably to ensure appearance at court proceedings, to protect the community, victims, witnesses or any other person and to maintain the integrity of the judicial process. Whenever possible, methods for providing the appropriate judicial officer with reliable information relevant to the release decision should be developed, preferably through a

pretrial services agency or function, as described in Standard 10-1.9.

(b)   When release on personal recognizance is not appropriate reasonably to ensure the defendant's appearance at court and to prevent the commission of criminal offenses that threaten the safety of the community or any person, constitutionally permissible non-financial conditions of release should be employed consistent with Standard 10-5.2.

(c)   Release on financial conditions should be used only when no other conditions will ensure appearance. When financial conditions are imposed, the court should first consider releasing the defendant on an unsecured bond. If unsecured bond is not deemed a sufficient condition of release, and the court still seeks to impose monetary conditions, bail should be set at the lowest level necessary to ensure the defendant's appearance and with regard to a defendant's financial ability to post bond.

(d)   Financial conditions should not be employed to respond to concerns for public safety.

(e)   The judicial officer should not impose a financial condition of release that results in the pretrial detention of a defendant solely due to the defendant's inability to pay.

(f)   Consistent with the processes provided in these Standards, compensated sureties should be abolished. When financial bail is imposed, the defendant should be released on the deposit of cash or securities with the court of not more than ten percent of the amount of the bail, to be returned at the conclusion of the case.

**Standard  10-1.5.      Pretrial release decision may include diversion and other adjudication
                alternatives supported by treatment programs**

In addition to employing release conditions outlined in Standard 10-1.4, jurisdictions should develop diversion and alternative adjudication options, including drug, mental health and other treatment courts or other approaches to monitoring defendants during pretrial release.

**Standard  10-1.6.      Detention as an exception to policy favoring release**

These Standards limit the circumstances under which pretrial detention may be authorized and provide procedural safeguards to govern pretrial detention proceedings. They establish specific criteria and procedures for effecting the pretrial detention of certain defendants after the court determines that these defendants pose a substantial risk of flight, or threat to the safety of the community, victims or witnesses or to the integrity of the justice process. The status of detained defendants should be monitored and their eligibility for release should be reviewed throughout the adjudication period. The cases of detained defendants should be given priority in scheduling for trial.

**Standard 10-1.7. Consideration of the nature of the charge in determining release options**

Although the charge itself may be a predicate to pretrial detention proceedings, the judicial officer should exercise care not to give inordinate weight to the nature of the present charge in evaluating factors for the pretrial release decision except when, coupled with other specified factors, the charge itself may cause the initiation of a pretrial detention hearing pursuant to the provisions of Standard 10-5.9.

**Standard 10-1.8. Pretrial release decision should not be influenced by publicity or public opinion**

The judicial officer should not be influenced by publicity surrounding a case or attempt to placate public opinion in making a pretrial release decision.

**Standard 10-1.9. Implication of policy favoring release for supervision in the community**

The policy favoring pretrial release and selective use of pretrial detention is inextricably tied to explicit recognition of the need to supervise safely large numbers of defendants in the community pending adjudication of their cases. To be effective, these policies require sufficient informational and supervisory resources.

**Standard  10-1.10.          The role of the pretrial services agency**

Every jurisdiction should establish a pretrial services agency or program to collect and present the necessary information, present risk assessments, and, consistent with court policy, make release recommendations required by the judicial officer in making release decisions, including the defendant's eligibility for diversion, treatment or other alternative adjudication programs, such as drug or other treatment courts. Pretrial services should also monitor, supervise, and assist defendants released prior to trial, and to review the status and release eligibility of detained defendants for the court on an ongoing basis.

The pretrial services agency should:

(a)   conduct pre-first appearance inquiries;

(b)   present accurate information to the judicial officer relating to the risk defendants may pose of failing to appear in court or of threatening the safety of the community or any other person and, consistent with court policy, develop release recommendations responding to risk;

(c)   develop and provide appropriate and effective supervision for all persons released pending adjudication who are assigned supervision as a condition of release;

(d)   develop clear policy for operating or contracting for the operation of appropriate facilities for the custody, care or supervision of persons released and manage a range of release options, including but not limited to, residential half-way houses, addict and alcoholic treatment centers, and counseling services, sufficient to respond to the risks and problems associated with released defendants in coordination with existing cort, corrections and community resources;

(e)   monitor the compliance of released defendants with the requirements of assigned release conditions and develop relationships with alternative programs such as drug and domestic violence courts or mental health support systems;

(f)   promptly inform the court of all apparent violations of pretrial release conditions or arrests of persons released pending trial, including those directly supervised by pretrial services as well as those released

under other forms of conditional release, and recommend appropriate modifications of release conditions according to approved court policy. The pretrial services agency should avoid supervising defendants who are government informants, when activities of these defendants may place them in conflict with conditions of release or compromise the safety and integrity of the pretrial services professional;

(g)   supervise and coordinate the services of other agencies, individuals or organizations that serve as custodians for released defendants, and advise the court as to their appropriateness, availability, reliability and capacity according to approved court policy relating to pretrial release conditions;

(h)   review the status of detained defendants on an ongoing basis for any changes in eligibility for release options and facilitate their release as soon as feasible and appropriate;

(i)   develop and operate an accurate information management system to support prompt identification, information collection and presentation, risk assessment, release conditions selection, compliance monitoring and detention review functions essential to an effective pretrial services agency;

(j)   assist persons released prior to trial in securing any necessary employment, medical, drug, mental or other health treatment, legal or other needed social services that would increase the chances of successful compliance with conditions of pretrial release;

(k)   remind persons released before trial of their court dates and assist them in attending court; and

(l)   have the means to assist persons who cannot communicate in written or spoken English.

## PART II.
## Release By Law Enforcement Officer Acting Without An Arrest Warrant

### Standard  10-2.1.       Policy favoring issuance of citations

It should be the policy of every law enforcement agency to issue citations in lieu of arrest or continued custody to the maximum extent consistent with the effective enforcement of the law. This policy should be implemented by statutes of statewide applicability.

## Standard 10-2.2.    Mandatory issuance of citation for minor offenses

(a)   Except as provided in paragraph (c), a police officer who has grounds to arrest a person for a minor offense should be required to issue a citation in lieu of taking the accused to the police station or to court. In determining whether an offense is minor, the police officer should consider whether the alleged crime involved the use or threatened use of force or violence, possession of a weapon, or violation of a court order protecting the safety of persons or property.

(b)   Except as provided in paragraph (c), when a person in custody has been taken to a police station and a decision has been made to charge the person with a minor offense, the responsible officer should be required to issue a citation in lieu of continued custody.

(c)   The defendant may be detained when an otherwise lawful arrest or detention is necessary to ensure the safety of any person or the community, or when the accused:

(i)   is subject to lawful arrest and fails to identify himself or herself satisfactorily;

(ii)   refuses to sign the citation after the officer explains to the accused that the citation does not constitute an admission of guilt and represents only the accused's promise to appear;

(iii)   has no ties to the jurisdiction reasonably sufficient to ensure the accused's appearance in court and there is a substantial likelihood that the accused will refuse to respond to a citation;

(iv)   previously has failed to appear in response to a citation, summons, or other legal process for an offense;

(v)   is not in compliance with release conditions in another case or subject to a court order or is on probation or parole; or

(vi)   poses a substantial likelihood of continuing the criminal conduct if not arrested.

(d)   When an officer fails to issue a citation for a minor offense, but instead takes a suspect into custody,

the law enforcement agency should be required to indicate the reasons in writing.

(e)   Notwithstanding the issuance of a citation, a law enforcement officer should be authorized to transport or arrange transportation for a cited person to an appropriate facility if the person appears mentally or physically unable to care for himself or herself.

## Standard  10-2.3.     Permissive authority to issue citations in all cases

Each law enforcement agency should promulgate regulations designed to increase the use of citations to the greatest degree consistent with public safety. Except when arrest or continued custody is necessary, the regulations should require such inquiry as is practicable into the accused's place and length of residence, family relationships, references, present and past employment, criminal record, and any other facts relevant to appearance in response to a citation.

## Standard  10-2.4.     Lawful searches

When an officer makes a lawful arrest, the defendant's subsequent release on citation should not affect the lawfulness of any search incident to the arrest

### PART III.
### Issuance of Summons in Lieu of Arrest

## Standard  10-3.1.     Authority to issue summons

All judicial officers should be given statutory authority to issue a summons rather than an arrest warrant in all cases in which a complaint, information, or indictment is filed or returned against a person not already in custody. Judicial officers should liberally utilize this authority unless a warrant is necessary to prevent flight, to ensure the safety of the defendant, any other person or the community, to prevent commission of future crimes or to subject a defendant to the jurisdiction of the court when the defendant's whereabouts are unknown. If a judicial officer issues a summons rather than an arrest warrant in connection with an offense, absent exigent circumstances, no law

enforcement officer may arrest the accused for that offense without obtaining a warrant.

## Standard 10-3.2.     Mandatory issuance of summons

A summons rather than an arrest warrant should be mandatory in all cases involving minor offenses unless the judicial officer finds that:

(a) the accused is subject to lawful arrest and fails to identify himself or herself satisfactorily;

(b) the whereabouts of the accused are unknown and the issuance of an arrest warrant is necessary to subject the accused to the jurisdiction of the court;

(c) an otherwise lawful arrest or detention is necessary to ensure the safety of any other person or the community;

(d) the accused has no ties to the community reasonably sufficient to ensure appearance and there is a substantial likelihood that the accused will refuse to respond to a summons;

(e) the accused previously has failed to appear without just cause in response to a citation, summons, or other legal process;

(f) the accused is not in compliance with release conditions in another case or is subject to a court order or is on probation or parole; or

(g) the accused poses a substantial likelihood of continuing the criminal conduct if not arrested.

## Standard 10-3.3.     Application for an arrest warrant or summons

(a) Time permitting, in those cases in which the judicial officer has discretion to issue a summons instead of an arrest warrant, the judicial officer should consider:

(i) the accused's ties to the community, including factors such as age, residence, employment and family relationships, reasonably sufficient to ensure appearance;

(ii) the nature of the alleged offense and potential penalty;

(iii)   the accused's past history of response to legal process;

(iv)   the accused's past criminal record;

(v)   whether the case involves a juvenile or adult offense; and

(vi)   whether the accused is in compliance with release conditions in another case or subject to a court order or on probation or parole.

(b)   The judicial officer ordinarily should issue a summons in lieu of an arrest warrant when the prosecutor so requests.

(c)   In any case in which the judicial officer issues a warrant, the judicial officer should state the reasons in writing or on the record for failing to issue a summons.


## PART IV.
## Release by Judicial Officer at First Appearance or Arraignment

### Standard  10-4.1.        Prompt first appearance

(a)   Arrests should not be timed to cause or extend unnecessary pretrial detention.

(b)   Unless the defendant is released on citation or in some other lawful manner, the defendant should be taken before a judicial officer without unnecessary delay. The defendant should be presented at the next judicial session within [six hours] after arrest. In jurisdictions where this is not possible, the defendant should in no instance be held by police longer than 24 hours without appearing before a judicial officer. Judicial officers should be readily available to conduct first appearances within the time limits established by this Standard.

Where a crime of violence is implicated, an assessment of the risk posed by the defendant to the victim(s) and community should be completed prior to the first appearance; but a defendant's first appearance should not ordinarily be delayed in order to conduct in-custody interrogation or other in-custody investigation. A defendant who is not promptly presented should be entitled to immediate release under appropriate conditions unless pretrial detention is ordered as provided in Standards 10-5.8 through 10-5.10.

**Standard 10-4.2. Investigation prior to first appearance: development of background information to support release or detention determination**

(a)   In all cases in which the defendant is in custody and charged with a criminal offense, an investigation to provide information relating to pretrial release should be conducted by pretrial services or the judicial officer prior to or contemporaneous with a defendant's first appearance.

(b)   Pretrial services should advise the defendant that:

(i)   the pretrial services interview is voluntary;

(ii)   the pretrial services interview is intended solely to assist in determining an appropriate pretrial release option for the defendant;

(iii)   any responsive information provided by the defendant during the pretrial services interview will not be used in the current or a substantially-related case either to adjudicate guilt or to arrive at a sentencing decision; but

(iv)   the voluntary information provided by the defendant during the pretrial services interview may be used in prosecution for perjury or for purposes of impeachment.

(c)   Release may not be denied solely because the defendant has refused the pretrial services interview.

(d)   The pretrial services interview should include advising the defendant that penalties may be imposed for providing false information.

(e)   The pretrial services interview of the defendant should carefully exclude questions relating to the events or the details of the current charge.

(f)   The pretrial services investigation should include factors related to assessing the defendant's risk of flight or of threat to the safety of the community or any person, or to the integrity of the judicial process. Information relating to these factors and the defendant's suitability for release under conditions should be gathered systematically and considered by the judicial officer in making the pretrial

release decision at first appearance and at subsequent stages when pretrial release is considered.

(g)   The pretrial services investigation should focus on assembling reliable and objective information relevant to determining pretrial release and should be organized according to an explicit, objective and consistent policy for evaluating risk and identifying appropriate release options. The information gathered in the pre-first appearance investigation should be demonstrably related to the purposes of the pretrial release decision and should include factors shown to be related to risk of flight or of threat to the safety of any person or the community and to selection of appropriate release conditions, and may include such factors as:

(i)   the nature and circumstances of the charge when relevant to determining release conditions, consistent with subsection (e) above;

(ii)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;

(iii)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense;

(iv)   the availability of persons who agree to assist the defendant in attending court at the proper time and other information relevant to successful supervision in the community;

(v)   any facts justifying a concern that a defendant will fail to attend court or pose a threat to the safety of any person or the community; and

(vi)   factors that may make the defendant eligible and an appropriate subject for conditional release and supervision options, including participation in medical, drug, mental health or other treatment, diversion or alternative adjudication release options.

(h)   The presentation of the pretrial services information to the judicial officer should link assessments of risk of flight and of public safety threat during pretrial release to appropriate release options designed to respond to the specific risk and supervision needs identified. The identification of release options by pretrial services for the consideration of the judicial officer should be based on detailed agency guidelines developed in consultation with the judiciary to assist in pretrial release decisions. Suggested release options should be supported by objective, consistently applied criteria contained in the guidelines. The results of the pretrial services investigation and recommendation of release options should be promptly transmitted to relevant first-appearance participants before the hearing, including information relevant to alternative release options, conditional release treatment and supervision programs, or eligibility for pretrial detention, so that appropriate actions may be taken in a timely fashion.

## Standard  10-4.3.　　Nature of first appearance

(a)   The first appearance before a judicial officer should take place in such physical surroundings as are appropriate to the administration of justice. Each case should receive individual treatment, and decisions should be based on the particular facts of the case and information relevant to the purposes of the pretrial release decision as established by law and court procedure. The proceedings should be conducted in clear and easily understandable language calculated to advise defendants effectively of their rights and the actions to be taken against them. The first appearance should be conducted in such a way that other interested persons may attend or observe the proceedings

(b)   At the defendant's first appearance, the judicial officer should provide the defendant with a copy of the charging document and inform the defendant of the charge and the maximum possible penalty on conviction, including any mandatory minimum or enhanced sentence provision that may apply. The judicial officer should advise the defendant that the defendant:

(i)   is not required to say anything, and that anything the defendant says may be used against him or her;

(ii)   if represented by counsel who is present, may communicate with his or her attorney at the time of the hearing;

(iii)   has a right to counsel in future proceedings, and that if the defendant cannot afford a lawyer, one will be appointed;

(iv)   if not a citizen, may be adversely affected by collateral consequences of the current charge, such as deportation;

(v)   if a juvenile being treated as an adult, has the right, where applicable, to the presence of a parent or guardian;

(vi)   if necessary, has the right to an interpreter to be present at proceedings; and

(vii)   where applicable, has a right to a preliminary examination or hearing.

(c)   Unless the defendant is released at the first appearance, if the defendant is not represented, counsel should be appointed immediately. The next judicial proceeding should occur promptly, but not until the defendant and defense counsel have had an adequate opportunity to confer, unless the defendant has intelligently waived the right to be represented by counsel.

(d)   The defendant should be provided an opportunity to communicate with family or friends for the purposes of facilitating pretrial release or representation by counsel.

(e)   A record should be made of the proceedings at first appearance. The defendant also should be advised of the nature and approximate schedule of all further proceedings to be taken in the case.

(f)   The judicial officer should decide pretrial release in accordance with the general principles identified in these Standards.

(g)   If, at the first appearance, the prosecutor requests the pretrial detention of a defendant under Standards 10-5.8 through 10-5.10, a judicial officer should be authorized, after a finding of probable cause to believe that a defendant has committed an offense as alleged in the charging document, to order temporary pretrial detention following procedures under Standard 10-5.7 or to conduct a pretrial detention hearing under Standard 10-5.10.

# PART V.
## The Release and Detention Decisions

**Standard 10-5.1.    Release on defendant's own recognizance**

   (a)   It should be presumed that defendants are entitled to release on personal recognizance on condition that they attend all required court proceedings and they do not commit any criminal offense. This presumption may be rebutted by evidence that there is a substantial risk of nonappearance or need for additional conditions as provided in Standard 10-5.2, or by evidence that the defendant should be detained under Standards 10-5.8, 10-5.9 and 10-5.10 or conditionally released pending diversion or participation in an alternative adjudication program as permitted under Standard 10-1.5.

   (b)   In determining whether there is a substantial risk of nonappearance or threat to the community or any person or to the integrity of the judicial process if the defendant is released, the judicial officer should consider the pretrial services assessment of the defendant's risk of willful failure to appear in court or risk of threat to the safety of the community or any person, victim or witness. This may include such factors as:

   (i)   the nature and circumstances of the offense when relevant to determining release conditions;

   (ii)   the defendant's character, physical and mental condition, family ties, employment status and history, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;

   (iii)   whether at the time of the current offense or arrest, the person was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense;

   (iv)   availability of persons who agree to assist the defendant in attending court at the proper time and other information relevant to successful supervision in the community;

   (v)   any facts justifying a concern that the defendant will violate the law if released without

restrictions; and

(vi)   factors that may make the defendant eligible and an appropriate subject for conditional release and supervision options, including participation in medical, drug, mental health or other treatment, diversion or alternative adjudication release options.

(c)   In the event the judicial officer determines that release on personal recognizance is unwarranted, the officer should include in the record a statement, written or oral, of the reasons for this decision.

## Standard  10-5.2.        Conditions of release

(a)   If a defendant is not released on personal recognizance or detained pretrial, the court should impose conditional release, including, in all cases, a condition that the defendant attend all court proceedings as ordered and not commit any criminal offense. In addition, the court should impose the least restrictive release conditions necessary reasonably to ensure the defendant's appearance in court, protect the safety of the community or any person, and to safeguard the integrity of the judicial process. The court may:

(i)   release the defendant to the supervision of a pretrial services agency, or require the defendant to report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

(ii)   release the defendant into the custody or care of some other qualified organization or person responsible for supervising the defendant and assisting the defendant in making all court appearances. Such supervisor should be expected to maintain close contact with the defendant, to assist the defendant in making arrangements to appear in court, and, when appropriate, accompany the defendant to court. The supervisor should not be required to be financially responsible for the defendant nor to forfeit money in the event the defendant fails to appear in court. The supervisor should promptly report a defendant's failure to comply with release

conditions to the pretrial services agency or inform the court;

(iii)   impose reasonable restrictions on the activities, movements, associations, and residences of the defendant, including curfew, stay away orders, or prohibitions against the defendant going to certain geographical areas or premises;

(iv)   prohibit the defendant from possessing any dangerous weapons and order the defendant to immediately turn over all firearms and other dangerous weapons in defendant's possession or control to an agency or responsible third party designated by the court; and prohibit the defendant from engaging in certain described activities, or using intoxicating liquors or certain drugs;

(v)   conditionally release the defendant pending diversion or participation in an alternative adjudication program, such as drug, mental health or other treatment courts;

(vi)   require the defendant to be released on electronic monitoring, be evaluated for substance abuse treatment, undergo regular drug testing, be screened for eligibility for drug court or other drug treatment program, undergo mental health or physical health screening for treatment, participate in appropriate treatment or supervision programs, be placed under house arrest or subject to other release options or conditions as may be necessary reasonably to ensure attendance in court, prevent risk of crime and protect the community or any person during the pretrial period;

(vii)   require the defendant to post financial conditions as outlined under Standard 10-5.3, execute an agreement to forfeit, upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to ensure the appearance of the defendant, and order the defendant to provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial officer may require;

(viii)   require the defendant to return to custody for specified hours following release for employment, schooling, or other limited purposes; and

(ix)   impose any other reasonable restriction designed to ensure the defendant's appearance, to protect the safety of the community or any person, and to prevent intimidation of witnesses or interference with the orderly administration of justice.

(b)   After reasonable notice to the defendant and a hearing, when requested and appropriate, the judicial officer may at any time amend the order to impose additional or different conditions of release.

**Standard  10-5.3.      Release on financial conditions**

(a)   Financial conditions other than unsecured bond should be imposed only when no other less restrictive condition of release will reasonably ensure the defendant's appearance in court. The judicial officer should not impose a financial condition that results in the pretrial detention of the defendant solely due to an inability to pay.

(b)   Financial conditions of release should not be set to prevent future criminal conduct during the pretrial period or to protect the safety of the community or any person.

(c)   Financial conditions should not be set to punish or frighten the defendant or to placate public opinion.

(d)   On finding that a financial condition of release should be set, the judicial officer should require the first of the following alternatives thought sufficient to provide reasonable assurance of the defendant's reappearance:

(i)   the execution of an unsecured bond in an amount specified by the judicial officer, either signed by other persons or not;

(ii)   the execution of an unsecured bond in an amount specified by the judicial officer, accompanied by the deposit of cash or securities equal to ten percent of the face amount of the bond. The full deposit should be returned at the conclusion of the proceedings, provided the defendant has not defaulted in the performance of the conditions of the bond; or

(iii)   the execution of a bond secured by the deposit of the full amount in cash or other property or by the obligation of qualified, uncompensated sureties.

(e)   Financial conditions should be the result of an individualized decision taking into account the special circumstances of each defendant, the defendant's ability to meet the financial conditions and the defendant's flight risk, and should never be set by reference to a predetermined schedule of amounts fixed according to the nature of the charge.

(f)   Financial conditions should be distinguished from the practice of allowing a defendant charged with a traffic or other minor offense to post a sum of money to be forfeited in lieu of any court appearance. This is in the nature of a stipulated fine and, where permitted, may be employed according to a predetermined schedule.

(g)   In appropriate circumstances when the judicial officer is satisfied that such an arrangement will ensure the appearance of the defendant, third parties should be permitted to fulfill these financial conditions,

## Standard  10-5.4.     Release order provisions

In a release order, the judicial officer should:

(a)   include a written statement that sets forth all the conditions to which the release is subject, in a manner sufficiently clear and specific to serve as a guide for the defendant's conduct; and

(b)   advise the person of:

(i)   the consequences of violating a condition of release, including the immediate issuance of a warrant for the defendant's arrest and possible criminal penalties;

(ii)   the prohibitions against threats, force, or intimidation of witnesses, jurors and officers of the court, obstruction of criminal investigations and retaliation against a witness, victim or informant; and

(iii)   the prohibition against any criminal conduct during pretrial release.

## Standard  10-5.5.     Willful failure to appear or to comply

**with conditions**

The judicial officer may order a prosecution for contempt if the person has willfully failed to appear in court or otherwise willfully violated a condition of pretrial release. Willful failure to appear in court without just cause after pretrial release should be made a criminal offense.

### Standard 10-5.6.        Sanctions for violations of conditions of release, including revocation of release

(a)   A person who has been released on conditions and who has violated a condition of release, including willfully failing to appear in court, should be subject to a warrant for arrest, modification of release conditions, revocation of release, or an order of detention, or prosecution on available criminal charges.

(b)   A proceeding for revocation of a release order may be initiated by a judicial officer, the prosecutor, or a representative of the pretrial services agency. A judicial officer may issue a warrant for the arrest of a person charged with violating a release condition. Once apprehended, the person should be brought before a judicial officer. To the extent practicable, a defendant charged with willfully violating the condition of release should be brought before the judicial officer whose order is alleged to have been violated. The judicial officer should review the conditions of release previously ordered and set new or additional conditions.

(c)   The judicial officer may enter an order of revocation and detention, if, after notice and a hearing, the judicial officer finds that there is:

(i)   probable cause to believe that the person has committed a new crime while on release; or

(ii)   clear and convincing evidence that the person has violated any other conditions of release; and

(iii)   clear and convincing evidence, under the factors set forth in Standard 10-5.8, that there is no condition or combinations of conditions that the defendant is likely to abide by that would reasonably ensure the defendant's appearance in

court and protect the safety of the community or
any person

(d)   When a defendant has been charged with a new
offense or violations of any conditions of release, he may
be temporarily detained pending hearing after notice of
the charges for a period of not more than [five calendar
days] under this Standard.

## Standard  10-5.7.      Bases for temporary pretrial detention for defendants on release in another      case

(a)   The judicial officer may order the temporary
detention of a defendant released in another case
upon a showing of probable cause that the defendant
has committed a new offense as alleged in the
charging document if the judicial officer determines
that the defendant:

(i)   is and was at the time the alleged offense
was committed:

(A)   on release pending trial for a
serious offense;

(B)   on release pending imposition or
execution of sentence, appeal of sentence
or conviction, for any offense; or

(C)   on probation or parole for any
offense; and

(ii)   may flee or pose a danger to the
community or to any person.

(b)   Unless a continuance is requested by the defense
attorney, the judicial officer may order the detention of
the defendant for a period of not more than [three
calendar days], and direct the attorney for the
government to notify the appropriate court, probation or
parole official, or Federal, State or local law enforcement
official to determine whether revocation proceedings on
the first offense should be initiated or a detainer lodged.

(c)   At the end of the period of temporary detention,
the defendant should have a hearing on the release or
detention of the defendant on the new charged offense. If
such a hearing is not conducted [within five calendar
days], the defendant should be released on appropriate
conditions pending trial.

**Standard 10-5.8.     Grounds for pretrial detention**

(a)   If, in cases meeting the eligibility criteria specified in Standard 10-5.9 below, after a hearing and the presentment of an indictment or a showing of probable cause in the charged offense, the government proves by clear and convincing evidence that no condition or combination of conditions of release will reasonably ensure the defendant's appearance in court or protect the safety of the community or any person, the judicial officer should order the detention of the defendant before trial.

(b)   In considering whether there are any conditions or combinations of conditions that would reasonably ensure the defendant's appearance in court and protect the safety of the community and of any person, the judicial officer should take into account such factors as:

(i)   the nature and circumstances of the offense charged;

(ii)   the nature and seriousness of the danger to any person or the community, if any, that would be posed by the defendant's release;

(iii)   the weight of the evidence;

(iv)   the person's character, physical and mental condition, family ties, employment status and history, financial resources, length of residence in the community, including the likelihood that the defendant would leave the jurisdiction, community ties, history relating to drug or alcohol abuse, criminal history, and record of appearance at court proceedings;

(v)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense;

(vi)   the availability of appropriate third party custodians who agree to assist the defendant in attending court at the proper time and other information relevant to successful supervision in the community;

(vii)   any facts justifying a concern that a defendant will present a serious risk of flight or of

obstruction, or of danger to the community or the safety of any person.

(c)   In cases charging capital crimes or offenses punishable by life imprisonment without parole, where probable cause has been found, there should be a rebuttable presumption that the defendant should be detained on the ground that no condition or combination of conditions of release will reasonably ensure the safety of the community or any person or the defendant's appearance in court. In the event the defendant presents information by proffer or otherwise to rebut the presumption, the grounds for detention must be found to exist by clear and convincing evidence.

**Standard  10-5.9.    Eligibility for pretrial detention and initiation of the detention hearing**

(a)   The judicial officer should hold a hearing to determine whether any condition or combination of conditions will reasonably ensure the defendant's appearance in court and protect the safety of the community or any person. The judicial officer may not order the detention of a defendant before trial except:

(i)   upon motion of the prosecutor in a case that involves:

(A)   a crime of violence or dangerous crime; or

(B)   a defendant charged with a serious offense on release pending trial for a serious offense, or on release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence; or on probation or parole for a serious offense involving a crime of violence, a dangerous crime; or

(ii)   upon motion of the prosecutor or the judicial officer's own initiative, in a case that involves:

(A)   a substantial risk that a defendant charged with a serious offense will fail to appear in court or flee the jurisdiction; or

(B)   a substantial risk that a
defendant charged in any case will
obstruct or attempt to obstruct justice, or
threaten, injure, or intimidate a
prospective witness or juror.

(b)   If the judicial officer finds that probable cause
exists, except for a defendant held under temporary
detention, the hearing should be held immediately upon
the defendant's first appearance before the judicial officer
unless the defendant or the prosecutor seeks a
continuance. Except for good cause shown, a continuance
on motion of the defendant or the prosecutor should not
exceed [five working days]. Pending the hearing, the
defendant may be detained.

(c)   A motion to initiate pretrial detention proceedings
may be filed at any time regardless of a defendant's
pretrial release status.


## Standard  10-5.10.        Procedures governing pretrial detention hearings: judicial orders for detention and appellate review

(a)   At any pretrial detention hearing, defendants
should have the right to:

(i)   be present and be represented by
counsel and, if financially unable to obtain
counsel, to have counsel appointed;

(ii)   testify and present witnesses on his or
her own behalf;

(iii)   confront and cross-examine prosecution
witnesses; and,

(iv)   present information by proffer or
otherwise.

(b)   The defendant may be detained pending
completion of the pretrial detention hearing.

(c)   The duty of the prosecution to release to the
defense exculpatory evidence reasonably within its
custody or control should apply at the pretrial detention
hearing.

(d)   At any pretrial detention hearing, the rules
governing admissibility of evidence in criminal trials should
not apply. The court should receive all relevant evidence.
All evidence should be recorded. The testimony of a

defendant should not be admissible in any other criminal proceedings against the defendant in the case in chief, other than a prosecution for perjury based upon that testimony or for the purpose of impeachment in any subsequent proceedings.

(e)   In pretrial detention proceedings under Standard 10-5.8 or 10-5.9, where there is no indictment, the prosecutor should establish probable cause to believe that the defendant committed the predicate offense.

(f)   In pretrial detention proceedings, the prosecutor should bear the burden of establishing by clear and convincing evidence that no condition or combination of conditions of release will reasonably ensure the defendant's appearance in court and protect the safety of the community or any person.

(g)   A judicial order for pretrial detention should be subject to the following limitations and requirements.

(i)   Unless the defendant consents, no order for pretrial detention should be entered by the court except on the conclusion of a full pretrial detention hearing as provided for within these Standards.

(ii)   If, on conclusion of a pretrial detention hearing, the court determines by clear and convincing evidence that no condition or combination of conditions will reasonably ensure the appearance of the person as required, and the safety of any other person and the community pursuant to the criteria established within these Standards, the judicial officer should state the reasons for pretrial detention on the record at the conclusion of the hearing or in written findings of fact within [three days]. The order should be based solely upon evidence provided for the pretrial detention hearing. The court's statement on the record or in written findings of fact should include the reasons for concluding that the safety of the community or of any person, the integrity of the judicial process, and the presence of the defendant cannot be reasonably ensured by setting any conditions of release or by accelerating the date of trial.

(iii)   The court's order for pretrial detention should include the date by which the detention must be considered de novo, in most cases not

exceeding [90 days]. A defendant may not be detained after that date without a pretrial detention hearing to consider extending pretrial detention an additional [90 days] following procedures under Standards 10-5.8, 10-5.9 and this Standard. If a pretrial detention hearing to consider extending detention of the defendant is not held on or before that date, the defendant who is held beyond the time of the detention order should be released immediately under reasonable conditions that best minimize the risk of flight and danger to the community.

(iv)   Nothing in these Standards should be construed as modifying or limiting the presumption of innocence.

(h)   A pretrial detention order should be immediately appealable by either the prosecution or the defense and should receive expedited appellate review. If the detention decision is made by a judicial officer other than a trial court judge, the appeals should be de novo. Appeals from decisions of trial court judges to appellate judges should be reviewed under an abuse of discretion standard.

## Standard  10-5.11.     Requirement for accelerated trial for detained defendants

Every jurisdiction should establish, by statute or court rule, accelerated time limitations within which detained defendants should be tried consistent with the sound administration of justice. These accelerated time limitations should be shorter than current speedy trial time limitations applicable to defendants on pretrial release. The failure to try a detained defendant within such accelerated time limitations should result in the defendant's immediate release from detention under reasonable conditions that best minimize the risk of flight and danger to the community pending trial, unless the delay is attributable to or agreed to by the defendant

## Standard  10-5.12.     Re-examination of the release or detention decision: status reports regarding pretrial detainees.

(a)   Upon motion by the defense, prosecution or by request of the pretrial services agency supervising

released defendants alleging changed or additional circumstances, the court should promptly reexamine its release decision including any conditions placed upon release or its decision authorizing pretrial detention under Standards 10-5.8 through 10-5.10. The judicial officer may, after notice and hearing when appropriate, at any time add or remove restrictive conditions of release, short of ordering pretrial detention, to ensure court attendance and prevent criminal law violation by the defendant.

(b)   The pretrial services agency, prosecutor, jail staff or other appropriate justice agency should be required to report to the court as to each defendant, other than one detained under Standards 10-5.8, 10-5.9 and 10-5.10, who has failed to obtain release within [24 hours] after entry of a release order under Standard 10-5.4 and to advise the court of the status of the case and of the reasons why a defendant has not been released.

(c)   For pretrial detainees subject to pretrial detention orders, the prosecutor, pretrial services agency, defender, jail staff, or other appropriate agency should file a report with the court regarding the status of the defendant's case and detention regarding the confinement of defendants who have been held more than [90 days] without a court order in violation of Standards 10-5.10(g)(iii) and 10-5.11.

## Standard  10-5.13.     Trial

The fact that a defendant has been detained pending trial should not be allowed to prejudice the defendant at the time of trial or sentencing. The court should ensure that the trial jury is unaware of the defendant's detention.

## Standard  10-5.14.     Credit for pre-adjudication detention

Every convicted defendant should be given credit, against both a maximum and minimum term or a determinate sentence, for all time spent in custody as a result of the criminal charge for which a sentence of imprisonment is imposed.

## Standard  10-5.15.     Temporary release of a detained defendant for compelling necessity

Upon a showing by defense counsel of compelling necessity, including for matters related to preparation of the defendant's case, a judicial officer who entered an order of pretrial detention under Standards 10-5.8 through 10-5.10 may permit the temporary release of a pretrial detained person to the custody of a law enforcement or other court officer, subject to appropriate conditions of temporary release.

## Standard 10-5.16. Circumstances of confinement of defendants detained pending adjudication

Defendants detained pending adjudication should be confined in facilities separate from convicted persons awaiting sentencing or serving sentences or held in custody pending appeal. The rights and privileges of defendants detained pending adjudication should not be more restricted than those of convicted defendants who are imprisoned. Detained defendants should be provided with adequate means to assist in their own defense. This requirement includes but is not limited to reasonable telephone rates and unmonitored telephone access to their attorneys, a law library, and a place where they can have unmonitored meetings with their attorneys and review discovery.

## PART VI.
## Notice to Victims of Crime

### Standard 10-6.1. Judicial Assurance of Notice to Victims

As part of the pretrial release process, the judicial officer should direct the appropriate office or agency to provide victim(s) of the crime with notice of any crime charged, any conditions imposed on the defendant including those related to possession or purchase of firearms, and methods of seeking enforcement of release conditions.