**EXHIBIT R**

**To Declaration of Micah West in Support of
Motion for Preliminary Injunction
& Motion for Class Certification**



NEWS

# SPLC prompts 50 Alabama cities to reform discriminatory bail practices

December 06, 2016

Fifty cities in Alabama have changed their bail practices to ensure that poor people charged with minor offenses no longer languish in jail when they can't afford to post bond – reform that comes after the SPLC urged municipal courts across the state to end practices that unfairly punish the poor.

The 50 cities collectively account for 40 percent of the state's population.

Instead of incarcerating people who don't have money to post bond for minor infractions such as loitering, littering, disorderly conduct, and driving with a suspended license, the cities are either releasing them with a court date or taking into account their ability to pay before imposing bond.

The changes affect only defendants facing misdemeanor charges in city courts, not those charged in Alabama's state courts, which primarily hear felony cases.

Previously, people too poor to post bond often sat in jail for days or weeks until their cases were resolved – leading some to spend more time in jail prior to adjudication than if they had pleaded guilty or been found guilty. The reforms help ensure that release from jail does not depend on a person's financial status.

"We cannot have a two-tiered justice system where poor people who are awaiting trial and cannot afford bail must remain in jail longer than people able to buy their freedom," said SPLC staff attorney Micah West.

"Detaining people based on whether they have enough money for bail does nothing to ensure public safety or defendants' return to court.

"Alabama's municipal court judges deserve credit for reforming their bail practices in these cities. We hope the rest of the state will follow their lead."

A list of cities that have reformed their bail practices can be viewed here. A map of municipalities with reformed bail practices can be found here.



Earlier this year, the SPLC sent letters to officials in more than 50 of the state's largest municipalities, encouraging their courts to change their procedures. The SPLC also sent similar letters (view full list here) last week to towns with populations between 5,000 and 10,000 people, as well as to the county seats in Alabama.

Hoover, a city of 85,000 people, reformed its bail procedures in June in response to the SPLC. Its jail population of municipal court defendants has since dropped by nearly 90 percent – from 40 to five today, according to Susan Fuqua, court director of the Hoover Municipal Court.

"No court wants to keep a person in jail unnecessarily because they cannot afford to post bond in a minor case," Fuqua said. "These reforms will ensure that will never happen again."

The city of Mobile independently changed its bail practices earlier this year, resulting in a 45 percent decrease in the municipal jail population – from an average of 85 inmates the month before reforms, to roughly 47 inmates last month. Montgomery has also recorded about a one-third reduction in its jail population following its reforms.

"Before Mobile changed its bail practices, many people were sitting in jail for up to 30 days because they could not afford to post bail, and many of those people would never even have received a jail sentence," said Nathan Emmorey, the chief municipal court administrator for Mobile. "Our bail practice reforms ensure that poor people or others will not sit behind bars unnecessarily."

The reform has not had a negative impact on public safety or the rate of people showing up for their court date, Emmorey said.

According to the nonprofit [Prison Policy Initiative](#), nearly 650,000 people are locked up in more than 3,000 local jails nationwide. Seventy percent are being held pretrial, meaning they have not been convicted of a crime and are presumed innocent.

That was the case for one Sylacauga man who was arrested for a stolen iPhone and spent 26 days in jail because he could not post bond. He missed the birth of his niece and a job interview while in jail. Sylacauga has since reformed its practices at the SPLC's urging.

The U.S. Justice Department expressed concern about the use of money bail in an *amicus* brief filed in August with a federal appeals court, noting that bail practices that "incarcerate indigent individuals before trial solely because of their inability to pay for their release violate the Fourteenth Amendment" and "result in the unnecessary incarceration of numerous individuals who are presumed innocent."

Jailing people for the inability to pay a fine or bail has a long history in this country. Recent lawsuits have challenged the practice in Alabama, California, Georgia, Illinois, Kansas, Louisiana, Mississippi and Texas.

Pretrial detention carries a tremendous cost – about $9 billion a year, according to a 2012 study by the Justice Policy Institute. Meanwhile,

people unable to pay money bail or post bond may lose jobs or custody of their children, default on payments for household and other living expenses, or face increased hardships caring for dependents.

*SPLC worked with attorneys from Civil Rights Corps on this effort.*

* * *