**EXHIBIT X**


**To Declaration of Micah West in Support of
Motion for Preliminary Injunction
& Motion for Class Certification**

**U.S. Department of Justice**
Office of Justice Programs
*Bureau of Justice Statistics*

## SPECIAL REPORT

NOVEMBER 2012                                                                 NCJ 239243

# Pretrial Release and Misconduct in Federal District Courts, 2008-2010

Thomas H. Cohen, Ph.D., *BJS Statistician*

During fiscal years 2008 through 2010, 36% of the 283,358 defendants in cases disposed in federal district courts were released prior to case adjudication. The percentages of pretrial release ranged from 12% for defendants brought into federal courts for immigration violations to 71% for defendants charged with property offenses (**figure 1**). Nineteen percent of released defendants committed some form of pretrial misconduct, and technical violations accounted for 90% of these pretrial violations.

Data for the Bureau of Justice Statistics' (BJS) Federal Justice Statistics Program (FJSP) were provided by the Administrative Office of the U.S. Courts' (AOUSC) Office of Probation and Pretrial Services Automated Case Tracking System (PACTS). The PACTS data cover various aspects of pretrial release in federal district courts, including the decision to release or detain a defendant, the different mechanisms of release or detention, and the behavior of defendants while on pretrial release. The PACTS data analyzed for this report include defendants whose cases were disposed by the federal courts for the combined fiscal years of 2008 to 2010.

**FIGURE 1**
**Defendants released pretrial for cases disposed in federal district courts, by offense type, FY 2008–2010**



Most serious offense

| Offense | Percent released |
|---|---|
| All offenses | 36% |
| Property | 71% |
| Public-order | 65% |
| Drug | 38% |
| Weapons | 32% |
| Violent | 30% |
| Immigration | 12% |

Percent released

Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

## HIGHLIGHTS

- Thirty-six percent of defendants in cases disposed in federal courts from 2008 to 2010 were released pretrial.

- Federal courts released 10% of noncitizen defendants identified as illegal aliens, compared to 43% of legal aliens and 55% of U.S. citizens.

- Twenty-four percent of these defendants were released at the time of their initial appearance, while another 12% were detained and then released at subsequent court events, including detention or bond hearings.

- Nonfinancial methods, including release on personal recognizance or unsecured bond, accounted for 73% of pretrial releases in federal courts.

- Ninety-one percent of detained defendants were held on either court-ordered detention or because they could not meet certain conditions set by the court.

- Of defendants released pretrial, 79% were released with conditions, including travel restrictions, substance abuse treatment requirements, weapons restrictions, or promises to remain employed or seek employment.

- About half (51%) of defendants with no prior arrest history were released pretrial, compared to 34% of defendants with 2 to 4 prior arrests and 21% of defendants with more than 10 prior arrests.

- Nineteen percent of defendants released pretrial committed some form of pretrial misconduct.

- Technical violations were committed by 17% of defendants released prior to case disposition, while 1% of released defendants failed to make court appearances and 4% were rearrested for new offenses.



The PACTS data provide important information about pretrial release and misconduct in the nation's federal courts. These data do not cover pretrial release in state courts. In an effort to provide comprehensive information on pretrial release, this report compares several aspects of the pretrial process in federal and in state courts. While no statistical series have national level estimates of pretrial release and misconduct in state courts, BJS has sponsored the State Court Processing Statistics (SCPS) project, which examines pretrial release and misconduct for felony cases filed in the nation's 75 most populous counties. Therefore, the SCPS data are referenced in this report when comparing state and federal pretrial statistics. (See *Methodology* for more information about the SCPS.)

## Pretrial release and detention in the federal criminal justice system

Before 1966, the federal courts relied almost exclusively on financial bond. In a bond system, persons accused of criminal conduct can remain free pending case disposition by posting a bond, usually property or money, as a guarantee that they will make all court appearances. In most situations, defendants will post a percentage of the bond set with a bail bondsman or with the court through a deposit bond program. Congress enacted the Bail Reform Act of 1966 to reform federal pretrial practices and minimizing the use of financial bond. The act mandated that any defendant charged with noncapital offenses in federal courts be released on either their own recognizance or an unsecured appearance bond (see *Methodology*). In cases that required additional supervision, the court could impose other conditions necessary to assure that a defendant made all court appearances.

The Bail Reform Act of 1984 (18 U.S.C. Section 3141) further codified the pretrial release process. According to the act, when defendants first appear before a judicial officer they may be 1) released on personal recognizance or unsecured bond, 2) released subject to conditions imposed by the court, 3) temporarily detained to permit deportation, exclusion, or the revocation of previously granted conditional release, or 4) detained pending the outcome of a detention hearing. At a detention hearing, the government is required by the act to prove by clear and convincing evidence that no condition of release would reasonably ensure that the defendant would appear for trial and not pose a risk to the community. The Bail Reform Act of 1984 also expanded the scope of factors that federal courts could consider when making pretrial release decisions to include the degree of dangerousness a defendant poses to the community.

### Defendants charged with property or public-order offenses were more than 5 times more likely to be released pretrial than immigration defendants

For the combined fiscal years of 2008 through 2010, 36% of defendants whose cases were disposed in federal courts were released pretrial (table 1). The percentages of defendants released pretrial varied across the major federal offense categories. Seventy-one percent of property and 65% of public-order defendants were released prior to case adjudication, while less than two-fifths of defendants charged with drug offenses (38%) and about a third charged with weapons (32%) or violent offenses (30%) received a pretrial release. Of all the major federal offense categories, immigration defendants had the lowest likelihood of being released pretrial (12%). The low rate of pretrial release for immigration defendants was due to 91% of these defendants being illegal aliens, which the federal courts typically do not release (not shown in table).

### More than half of violent and drug defendants released pretrial were initially detained and then released at subsequent proceedings

The initial appearance represents the first time that a defendant charged with a federal offense appears before a federal judicial officer, typically a magistrate judge. During the initial appearance, the defendant can either be released pretrial or detained for additional hearings. For those defendants not released at the initial appearance, pretrial release can occur at subsequent events, including detention or bond hearings, or the defendant can be held for the duration of the entire case. For fiscal years 2008 through 2010, 24% of defendants were released at the time of their initial appearance, while 12% were detained and then released at subsequent hearings.

Defendants charged with violent and drug offenses were more likely to be released after a period of detention than released at their initial appearance. Among violent defendants, 16% were released after a period of detention

**TABLE 1**
**Defendants released pretrial for cases disposed in federal district courts, by offense type and stage of appearance, FY 2008–2010**

| Most serious offense charged | Number of defendants | Percent released | Percent of defendants released at— | |
|---|---|---|---|---|
| | | | Initial appearance[a] | Subsequent hearings[b] |
| All offenses | 283,358 | 36% | 24% | 12% |
| Violent | 8,979 | 30% | 13% | 16% |
| Property | 44,305 | 71% | 59% | 12% |
|   Fraudulent | 36,618 | 69 | 58 | 12 |
|   Other | 7,687 | 78 | 66 | 11 |
| Drug | 84,436 | 38% | 18% | 20% |
|   Trafficking | 71,904 | 37 | 17 | 20 |
|   Other | 12,532 | 42 | 24 | 17 |
| Public-order | 23,014 | 65% | 53% | 13% |
|   Regulatory | 3,786 | 74 | 60 | 14 |
|   Other | 19,228 | 64 | 51 | 13 |
| Weapons | 22,325 | 32% | 17% | 15% |
| Immigration | 97,635 | 12% | 7% | 5% |

Note: Released defendants include defendants who were never detained and those who were also detained for part of the pretrial period. Detail may not sum to total due to missing information for offense type, which was available for 99.1% of defendants.
[a]Includes the first hearing that an accused defendant receives in federal court.
[b]Includes detention hearings, bond hearings, or releases that occurred at any time after initial appearance.
Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

and 13% were released at initial appearance. Among defendants charged with a drug offense, 20% were released after being detained and 18% were released at initial appearance. In comparison, defendants charged with property or public-order offenses were at least four times more likely to be released at the initial appearance than they were to be detained and then subsequently released. Of property defendants released pretrial, 59% were released at the initial appearance, while 12% were first detained and then released. A similar pattern held for public-order defendants, with 53% being released at initial appearance and 13% being released after a period of detention.

## 58% of defendants were released pretrial in state courts in the 75 most populous counties, compared to 36% in federal courts

State data on pretrial release differ in important ways from federal data. Unlike federal data, which represents the entire universe of cases disposed in federal courts, data on pretrial release at the state level are derived from a sample of defendants charged with a felony offense in May 2006 in 40 of the nation's 75 most populous counties. (See *Methodology*.)

In addition, cases filed in federal and state courts in large counties differed in composition. Immigration constituted a major offense category in the federal system, with 35% of federal defendants charged with immigration violations **(table 2)**. Although illegal aliens can be brought into state courts on other offense charges, only federal courts have the authority to adjudicate offenses involving the enforcement of the nation's immigration laws. Therefore, immigration offenses are not a case type reported at the state level.

Compared to federal courts, the percentage of defendants charged with violent or property offenses was also higher in state courts in large counties. Violent (23%) and property offenses (29%) comprised about half of felony defendants in the 75 most populous counties. In comparison, violent (3%) or property (16%) offenses comprised slightly less than a fifth of defendants in federal district courts.

Regardless of the differences between federal and state courts, it is informative to compare federal and state data on pretrial release. Federal courts released a higher percentage of defendants charged with property offenses (71%) than state courts in large counties (59%). Defendants charged with public-order offenses had the same percentage of pretrial release (65%) in both state and federal courts. However, a higher percentage of state defendants in large counties were released pretrial when charged with drugs (60%), weapons (56%), and violent (52%) offenses, compared to federal pretrial release percentages for drugs (38%), weapons (32%), and violent (30%) offenses.

**TABLE 2**

**Defendants released pretrial for cases in federal courts and in state courts in the 75 most populous counties, by most serious offense charged**

| Most serious offense charged | Federal defendants, 2008–2010[a] | | State defendants, 2006[b] | | Percent of defendants released pretrial | |
|---|---|---|---|---|---|---|
| | Number | Percent | Number | Percent | Federal | State |
| All offenses | 280,694 | 100% | 58,100 | 100% | 36% | 58% |
| Violent | 8,979 | 3% | 13,295 | 23% | 30 | 52 |
| Property | 44,305 | 16 | 16,948 | 29 | 71 | 59 |
| Drug | 84,436 | 30 | 21,232 | 37 | 38 | 60 |
| Public-order | 23,014 | 8 | 4,667 | 8 | 65 | 65 |
| Weapons | 22,325 | 8 | 1,958 | 3 | 32 | 56 |
| Immigration | 97,635 | 35 | ~ | ~ | 12 | ~ |

Note: Excludes 2,664 federal defendants with unknown offense charges.

[a]Includes all felony and misdemeanor defendants with known offense types whose cases were disposed in federal district courts from fiscal years 2008 to 2010.

[b]Includes a sample of defendants charged with a felony offense in 40 of the nation's 75 most populous counties in May 2006.

~Not applicable for state court data.

Sources: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010; Bureau of Justice Statistics, *Felony Defendants in Large Urban Counties, 2006*, NCJ 228944, May 2010.

### Nearly three-quarters of federal defendants released pretrial paid no financial bond upon release

From 2008 to 2010, 27% of defendants released pretrial for cases disposed in federal courts were required to pay a financial bond in order to secure that release **(table 3)**. All other releases were through nonfinancial methods, including unsecured bond (39%) or personal recognizance (32%). The use of financial bond varied by offense type, with about two-thirds of released immigration (66%) and over a quarter (29%) of released drug defendants required to post a financial bond to receive pretrial release. In comparison, less than 20% of released defendants charged with property (18%), weapons (17%), public-order (14%), or violent (12%) offenses were required to pay a financial bond.

### 8% of all defendants released pretrial in federal courts used bail bondsmen

The two most common forms of pretrial release in the federal system were unsecured bond and release on personal recognizance, which together accounted for 71% of defendants released pretrial in the federal courts **(figure 2)**. Defendants requiring a financial bond accounted for 27% of all pretrial releases, with 12% posting a deposit bond, 8% using a surety bond (i.e., bail bondsman), and 7% using a collateral bond. In comparison, more than half (55%) of defendants released pretrial in the nation's 75 most populous counties in 2006 were required to post some form of financial bond as part of their release conditions. Defendants released pretrial in these state courts were about five times more likely than those in federal courts to use the services of a commercial bond agent to secure pretrial release (not shown in table). (For more information on state-level data, see *Methodology*.)

**FIGURE 2**

**Types of pretrial release for cases disposed in federal district courts, FY 2008–2010**



Note: Includes defendants who were never detained and those who were also detained for part of the pretrial period.
Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

**TABLE 3**
**Types of pretrial release for cases disposed in federal district courts, by offense type, FY 2008–2010**

| Most serious offense charged | Number of released defendants[a] | Percent released on— | | | |
|---|---|---|---|---|---|
| | | Financial bond[b] | Unsecured bond | Personal recognizance | Other release |
| All offenses | 101,608 | 27% | 39% | 32% | 2% |
| Violent | 2,668 | 12% | 34% | 53% | 2% |
| Property | 31,329 | 18% | 47% | 34% | 1% |
| Fraudulent | 25,375 | 21 | 48 | 31 | 1 |
| Other | 5,954 | 7 | 40 | 50 | 3 |
| Drug | 31,881 | 29% | 41% | 30% | 1% |
| Trafficking | 26,677 | 29 | 42 | 28 | 1 |
| Other | 5,204 | 24 | 35 | 39 | 3 |
| Public-order | 15,057 | 14% | 39% | 45% | 3% |
| Regulatory | 2,818 | 19 | 43 | 36 | 1 |
| Other | 12,239 | 12 | 38 | 47 | 3 |
| Weapons | 7,127 | 17% | 46% | 36% | 1% |
| Immigration | 11,935 | 66% | 16% | 10% | 8% |

Note: Detail may not sum to total due to missing information for offense type. Information on offense type available for 98.4% of released defendants. Excludes 14 defendants for whom type of release could not be determined.
[a]Includes defendants who were never detained and those who were also detained for part of the pretrial period.
[b]Includes defendants released through deposit, collateral, or surety bond.
Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

## About half of federal defendants released on financial bond were detained at the initial appearance and then subsequently released

Among federal defendants released through financial bond from 2008 to 2010, 53% were released at the initial appearance hearing, while 47% were detained and then released at subsequent hearings. In comparison, 72% of defendants released through nonfinancial methods, including unsecured bond or personal recognizance, were released at the initial appearance.

**FIGURE 3**

**Defendants released at initial appearance and released after period of detention for cases disposed in federal district courts, by type of pretrial release, FY 2008–2010**



Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

## 9% of detained defendants were held because they could not meet the financial bond

Ninety-one percent of detained defendants in the federal courts were held either by order of the court (57%) or for other nonfinancial reasons (34%) **(table 4)**. Court-ordered detentions involve cases in which the court mandates that a defendant be held for the entire duration of the case. Other detentions typically involve instances in which the defendant remains detained because the defendant was unable to meet certain conditions set by the court. Defendants detained because they could not meet the monetary bond set by the court accounted for 9% of federal pretrial detentions. In comparison, 86% of defendants detained pretrial in the nation's 75 most populous counties in 2006 were held because they could not make the financial bond set by the court (not shown in table).

**TABLE 4**

**Type of pretrial detention for cases disposed in federal district courts, by offense type, FY 2008–2010**

| Most serious offense charged | Number of detained defendants[a] | Percent detained on— | | |
|---|---|---|---|---|
| | | Financial bond | Court-ordered detention | Other detention[b] |
| All offenses | 180,309 | 9% | 57% | 34% |
| Violent | 6,258 | 2% | 65% | 33% |
| Property | 12,582 | 7% | 60% | 33% |
|   Fraudulent | 11,061 | 8 | 60 | 32 |
|   Other | 1,521 | 2 | 62 | 36 |
| Drug | 52,302 | 4% | 70% | 26% |
|   Trafficking | 45,085 | 4 | 71 | 25 |
|   Other | 7,217 | 4 | 62 | 34 |
| Public-order | 7,667 | 3% | 60% | 37% |
|   Regulatory | 925 | 6 | 57 | 37 |
|   Other | 6,742 | 2 | 60 | 37 |
| Weapons | 15,115 | 2% | 66% | 32% |
| Immigration | 85,453 | 14% | 47% | 39% |

Note: Detail may not sum to total due to missing information for offense type. Information on offense type available for 99.5% of detained defendants. Excludes 1,427 defendants who were not released but whose type of detention could not be determined.
[a]Includes defendants who were detained for the entire pretrial period.
[b]Includes defendants on temporary pretrial detention and defendants detained because they were unable to meet certain nonfinancial conditions set by the court.
Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

## Approximately 8 out of 10 released defendants were released with pretrial conditions

The Bail Reform Act of 1984 allows federal courts to impose conditions of release on defendants released pretrial, which are administered by a pretrial services agency (see text box below). From 2008 to 2010, federal courts attached conditions to 79% of defendants released prior to case disposition (table 5). The federal courts mandated conditional release for 90% or more of released violent, drug, and weapons defendants and imposed conditions on about 80% of released defendants charged with property or public-order offenses. Of released defendants charged with immigration violations, 37% received release conditions.

**TABLE 5**

**Pretrial conditions imposed on defendants released for cases disposed in federal district courts, by offense type, FY 2008–2010**

| Most serious offense charged | Number of released defendants* | Percent of defendants with conditional release |
|---|---|---|
| All offenses | 101,622 | 79% |
| Violent | 2,668 | 90% |
| Property | 31,332 | 80% |
| Fraudulent | 25,378 | 82 |
| Other | 5,954 | 76 |
| Drug | 31,887 | 91% |
| Trafficking | 26,683 | 92 |
| Other | 5,204 | 86 |
| Public-order | 15,058 | 79% |
| Regulatory | 2,818 | 78 |
| Other | 12,240 | 79 |
| Weapons | 7,127 | 95% |
| Immigration | 11,939 | 37% |

Note: Detail may not sum to total due to missing information for offense type. Information on offense type available for 98.4% of released defendants.

*Includes defendants who were never detained and those who were also detained for part of the pretrial period.

Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

### Administering Federal Pretrial Services

The Federal Pretrial Services Act of 1982 established pretrial services programs for defendants prosecuted in federal district courts (18 U.S.C. Section 3152-3155). As of 2010, more than 22 of the 93 federal judicial districts have separate pretrial service offices headed by a chief pretrial services officer, while the remaining federal judicial districts use federal probation officers to administer pretrial services.

The primary duties of federal pretrial service officers include conducting investigations of persons charged with federal offenses and supervising defendants released into their custody. Pretrial investigation involves examining the defendant's background to determine whether to recommend that the court release or detain the defendant.

Defendants under pretrial supervision are typically required to report to a pretrial service officer on a regular basis or reside in a community treatment facility or halfway house. Pretrial service officers can also be involved in providing employment, medical, legal, or social services to supervised defendants.

Source: Cadigan, T.P. (2007). Pretrial services in the federal system: impact of the Pretrial Services Act of 1982, *Federal Probation*, *71(2)*, pp 10–15.

Among federal defendants released with pretrial conditions from 2008 to 2010, 99% had a travel restriction, while 72% were required to receive substance abuse treatment, 62% had a weapons restriction, and 49% promised to remain employed or seek employment during the pretrial period (table 6). The types of conditions imposed were often related to a defendant's arrest charges. For example, released defendants charged with drug offenses were more likely to receive mandated substance abuse treatment (89%) than released defendants charged with public-order (59%) or property (56%) offenses. A similar pattern held for weapons defendants released with pretrial conditions. Eighty-seven percent of these defendants had a weapons restriction.

Among all other offense types, the percentage with weapons restrictions did not exceed 75%.

Among felony defendants released pretrial in the nation's 75 most populous counties in 2006, 12% were released with pretrial conditions, including participation in a pretrial diversionary program or drug monitoring or treatment. In some jurisdictions, defendants released through surety bond also had pretrial conditions attached to the release. An estimated 6% of felony defendants released through a surety bond in large urban counties in 2006 had conditions attached to the release, including pretrial monitoring (not shown in table).

## TABLE 6
**Types of pretrial conditions imposed on defendants released for cases disposed in federal district courts, by type of offense, FY 2008–2010**

| Most serious offense charged | Number of defendants with conditional release* | Conditions imposed on defendants with conditional release | | | | | |
|---|---|---|---|---|---|---|---|
| | | Travel restrictions | Substance abuse testing or treatment | Weapon restrictions | Employment restrictions | Home detention/ electronic monitoring | No contact with victim |
| All offenses | 80,302 | 99% | 72% | 62% | 49% | 32% | 29% |
| Violent | 2,402 | 98% | 78% | 70% | 46% | 40% | 53% |
| Property | 25,203 | 99% | 56% | 50% | 44% | 24% | 24% |
| Fraudulent | 20,680 | 99 | 54 | 50 | 44 | 25 | 25 |
| Other | 4,523 | 99 | 63 | 51 | 43 | 20 | 22 |
| Drug | 28,966 | 99% | 89% | 70% | 54% | 36% | 31% |
| Trafficking | 24,490 | 99 | 89 | 72 | 55 | 37 | 32 |
| Other | 4,476 | 99 | 92 | 59 | 48 | 36 | 28 |
| Public-order | 11,851 | 99% | 59% | 53% | 39% | 37% | 26% |
| Regulatory | 2,199 | 99 | 54 | 50 | 41 | 25 | 24 |
| Other | 9,652 | 99 | 60 | 54 | 38 | 40 | 27 |
| Weapons | 6,740 | 99% | 88% | 87% | 54% | 37% | 25% |
| Immigration | 4,384 | 100% | 61% | 70% | 66% | 25% | 37% |

Note: Excludes released defendants without pretrial conditions. Detail may not sum to total due to missing information for offense type.
*Includes defendants who were never detained and those who were also detained for part of the pretrial period.
Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

## Length of pretrial detention

The U.S. Marshals Service's Office of the Federal Detention Trustee (OFDT) provides information on the average amount of time a defendant is detained from arrest to case adjudication or deportation from the U.S. According to the OFDT, the average amount of time in detention for defendants booked on federal charges increased from 112 days (3.7 months) in 2008 to 121 days (4.0 months) in 2010 (table 7).

In 2010, defendants booked on drugs, weapons, or violent offenses spent on average more than 6 months in custody. In comparison, defendants booked on immigration offenses, or violations of probation, parole, or pretrial release conditions, or those held as material witnesses remained in custody for an average of 3 months or fewer. The OFDT also reported that about 27% of defendants booked by U.S. Marshals were ordered detained for 5 days or fewer in 2010 (not shown in table). (For more information about the OFDT, see http://www.justice.gov/ofdt/index.html.)

## TABLE 7
**Average length of stay in detention for persons booked by the U.S. Marshals Service, by offense at booking, FY 2008–2010**

| Offense at booking | Average length of stay in detention | | |
|---|---|---|---|
| | 2008 | 2009 | 2010 |
| All offenses[a] | 112 days | 114 days | 121 days |
| Violent | 192 | 233 | 206 |
| Property | 120 | 95 | 96 |
| Drugs | 197 | 238 | 226 |
| Other | 127 | 111 | 117 |
| Weapons | 197 | 222 | 218 |
| Immigration | 72 | 82 | 86 |
| Supervision[b] | 82 | 72 | 79 |
| Material witness | 36 | 37 | 39 |
| Not reported | 51 | 28 | 63 |
| Number of persons booked | 188,806 | 211,986 | 221,681 |

[a]Includes persons for whom the offense at booking was not reported or was unknown.
[b]Includes parole, supervised release, and probation violations.
Sources: U.S. Marshals Service, Prisoner Tracking System, FY 2008–2010, and http://www.justice.gov/oftd/detention.htm.

## Federal defendants released on financial bond received pretrial conditions less frequently than defendants released through nonfinancial means

From 2008 to 2010, federal courts imposed conditions on 64% of defendants released through financial bond (not shown in figure). Among the types of financial release, 40% of defendants with a surety bond release and 66% of defendants with a deposit bond release received pretrial conditions (**figure 4**). In comparison, 80% of defendants released on personal recognizance and 93% of defendants released on unsecured bond received pretrial conditions.

## Percentages of pretrial release were lower for defendants with serious or lengthy criminal histories

When making a determination regarding the eligibility of a defendant for pretrial release, federal law requires that the judicial officer (i.e., district court judge or magistrate) consider the defendant's criminal history, including record of court appearances. The federal data show that the rate of pretrial release declined with the severity of a defendant's criminal history. About half (51%) of defendants with no prior arrest history were released pretrial, compared to 34% of defendants with 2 to 4 prior arrests and 21% of defendants with more than 10 prior arrests (**table 8**). The nature of a

**FIGURE 4**

**Pretrial conditions imposed on released defendants for cases disposed in federal district courts, by type of pretrial release, FY 2008–2010**



Source: Administrative Office of the U.S. Courts, Office Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

**TABLE 8**

**Defendants released pretrial for cases disposed in federal district courts, by criminal history and most serious offense charged, FY 2008–2010**

| Criminal history | All offenses | | Percent released, by most serious offense charged | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Total | Percent released* | Violent | Property | Drug | Public-order | Weapons | Immigration |
| All defendants | 283,358 | 36% | 30% | 71% | 38% | 65% | 32% | 12% |
| **Number of prior arrests** | | | | | | | | |
| None | 74,879 | 51% | 52% | 75% | 38% | 80% | 51% | 20% |
| 1 | 35,503 | 42 | 44 | 77 | 49 | 70 | 55 | 12 |
| 2 to 4 | 64,034 | 34 | 33 | 74 | 46 | 61 | 46 | 10 |
| 5 to 10 | 59,089 | 27 | 21 | 64 | 36 | 47 | 32 | 10 |
| 11 or more | 49,408 | 21 | 11 | 46 | 23 | 36 | 19 | 11 |
| **Number of prior convictions** | | | | | | | | |
| None | 109,294 | 48% | 47% | 75% | 42% | 77% | 51% | 18% |
| 1 | 44,737 | 35 | 36 | 76 | 47 | 65 | 47 | 10 |
| 2 to 4 | 69,785 | 28 | 24 | 68 | 38 | 51 | 34 | 10 |
| 5 to 10 | 43,278 | 23 | 15 | 52 | 26 | 39 | 24 | 10 |
| 11 or more | 15,819 | 20 | 9 | 42 | 20 | 34 | 17 | 11 |
| **Nature of prior convictions** | | | | | | | | |
| Misdemeanor conviction only | 52,008 | 41% | 42% | 79% | 54% | 77% | 53% | 10% |
| Felony conviction | 121,611 | 23 | 12 | 55 | 27 | 35 | 25 | 10 |
| Nonviolent | 27,091 | 28 | 21 | 61 | 40 | 50 | 37 | 12 |
| Drug | 44,225 | 23 | 17 | 56 | 28 | 40 | 31 | 9 |
| Violent | 50,295 | 19 | 9 | 47 | 22 | 25 | 21 | 9 |
| **Prior failure to appear** | | | | | | | | |
| None | 237,169 | 37% | 33% | 73% | 40% | 69% | 37% | 12% |
| 1 | 20,073 | 31 | 23 | 61 | 34 | 45 | 25 | 13 |
| 2 or more | 25,671 | 27 | 16 | 54 | 28 | 45 | 20 | 12 |

Note: Detail may not sum to total due to missing information for defendant criminal history. Information on the number of prior felony arrests or convictions, nature of prior convictions, and failure to appear history available for 99.8% of released defendants.

*Includes defendants who were never detained and those who were also detained for part of the pretrial period.

Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

defendant's criminal history also influenced the probability of pretrial release. Forty-one percent of defendants with prior misdemeanor convictions were released pretrial, while 23% of defendants with prior felony convictions were released prior to case disposition. In addition, pretrial misconduct history correlated with the pretrial release decision. Thirty-seven percent of defendants with no history of missed court appearances were released pretrial, while 27% of defendants with two or more prior failure-to-appear events received a pretrial release.

Criminal history was also related to the stage in which a defendant was released pretrial. Nearly 30% of defendants with no prior convictions were released pretrial after a period of detention. In comparison, 46% for defendants with more than 10 prior convictions were released pretrial after being detained (not shown in table).

Similar to the federal system, many state courts have established specific criteria to consider when setting release conditions, including the defendant's criminal background. Data examining felony defendants processed in the nation's 75 most populous counties in 2006 illustrate how release rates vary according to a defendant's criminal history. Among these state courts, nearly three-quarters (74%) of

defendants with no prior convictions were released pretrial, while about two-fifths (39%) of defendants with five or more prior convictions were released prior to case adjudication (not shown in table).

### Nearly two-thirds of whites, less than half of blacks, and a fifth of Hispanics secured pretrial release

Among all racial and ethnic categories of defendants released pretrial, higher percentages of Asian/Pacific Islander (66%) and white non-Hispanic (65%) defendants were released in the federal system from 2008 to 2010, compared to American Indian/Alaska Native (54%), black non-Hispanic (43%), or Hispanic (20%) defendants (table 9). In general, Hispanic defendants had the lowest rates of pretrial release and were less likely to be released than white defendants for all major federal offense categories. Black defendants were also less likely than white defendants to be released pretrial for all major federal offense categories. The differences in pretrial release rates between black and white defendants were particularly large for drug offenses, as white defendants (60%) were more than one and a half times more likely to receive a pretrial release than black defendants (36%).

**TABLE 9**
**Defendants released pretrial for cases disposed in federal district courts, by demographic characteristics, citizenship status, and most serious offense charged, FY 2008–2010**

| Demographic characteristic and citizenship status | Total | Percent released[a] | Violent | Property | Drug | Public-order | Weapons | Immigration |
|---|---|---|---|---|---|---|---|---|
|  |  | **All offenses** |  | | **Percent released, by most serious offense charged** | | | |
| All defendants | 283,358 | 36% | 30% | 71% | 38% | 65% | 32% | 12% |
| **Sex** |  |  |  |  |  |  |  |  |
| Male | 243,863 | 31% | 26% | 66% | 34% | 63% | 30% | 11% |
| Female | 39,121 | 65 | 62 | 80 | 62 | 80 | 71 | 34 |
| **Age** |  |  |  |  |  |  |  |  |
| 17 or younger | 339 | 50% | 67% | 74% | 28% | ^ | ^ | 28% |
| 18–19 | 6,513 | 37 | 43 | 57 | 43 | 66 | 36 | 17 |
| 20–29 | 97,829 | 31 | 32 | 62 | 37 | 62 | 27 | 11 |
| 30–39 | 95,175 | 31 | 23 | 65 | 35 | 59 | 30 | 11 |
| 40 or older | 83,118 | 47 | 31 | 80 | 42 | 71 | 44 | 15 |
| **Race/ethnicity** |  |  |  |  |  |  |  |  |
| White[b] | 60,427 | 65% | 30% | 82% | 60% | 73% | 46% | 41% |
| Black/African American[b] | 54,346 | 43 | 22 | 76 | 36 | 57 | 27 | 34 |
| Hispanic/Latino | 155,036 | 20 | 23 | 48 | 26 | 49 | 24 | 11 |
| American Indian/Alaska Native[b] | 4,049 | 54 | 42 | 78 | 62 | 58 | 35 | 53 |
| Asian/Pacific Islander[b] | 5,569 | 66 | 42 | 78 | 59 | 76 | 41 | 52 |
| **Citizenship status** |  |  |  |  |  |  |  |  |
| U.S. citizen | 148,348 | 55% | 31% | 82% | 47% | 69% | 34% | 59% |
| Legal alien | 15,100 | 43 | 35 | 71 | 30 | 60 | 39 | 46 |
| Illegal alien | 116,321 | 10 | 5 | 28 | 5 | 21 | 5 | 8 |

Note: Detail may not sum to total due to missing information for demographic characteristics and citizenship status. Race/ethnicity excludes defendants classified as other race. Information on race and ethnicity was available for 99.0% of defendants, sex was available for 99.9%, age was available for 99.9%, and citizenship status was available for 98.7%.

^Too few cases to provide a reliable rate.

[a]Includes defendants who were never detained and those who were also detained for part of the pretrial period.

[b]Excludes persons of Hispanic or Latino origin.

Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

State-level data on pretrial release across racial and ethnic categories varied less than federal data. In the nation's 75 most populous counties through the combined years from 1990 through 2004, black defendants (62%) were released at statistically similar percentages as white defendants (68%), while Hispanics had a lower likelihood of pretrial release (55%) (not shown in table).

### A greater percentage of females were released pretrial than males

Female defendants (65%) were released more frequently than males (31%) in the federal courts from 2008 to 2010. This remained consistent across all major federal offense categories. At the state level, females (74%) were more likely to be released than males (60%) in the nation's most populous counties from 1990 to 2004 (not shown in table).

### Defendants ages 18 to 39 were less likely to be released than those age 17 or younger or age 40 or older

The likelihood of pretrial release and defendant age had a curved relationship, as a greater percentage of younger and older defendants were released pretrial than defendants in the middle age ranges. For example, 50% of defendants age 17 or younger were released pretrial, compared to 31% of defendants age 20 to 39 (figure 5). Defendants age 40 or older were released at higher rates (47%) than defendants ages 18 to 39.

The curved pattern of pretrial release (i.e., declining for defendants in the middle age ranges and then rising for those age 41 or older) did not hold for defendants charged with violent or immigration offenses. For the violent offense category, defendants ages 17 or younger were two times more likely to be released (67%), compared to defendants age 40 or older (31%). The percentage of immigration defendants released pretrial was relatively low regardless of the defendant's age.

**FIGURE 5**
**Percent of defendants released pretrial for cases disposed in federal district courts, by age of defendant, FY 2008–2010**



Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

### U.S. citizen defendants were more than 5 times more likely than noncitizen illegal alien defendants to be released pretrial

Overall, the federal courts released 10% of noncitizen defendants identified as illegal aliens. In comparison, 43% of legal aliens and 55% of U.S. citizens received a pretrial release prior to case disposition. Percentages of pretrial release for illegal alien defendants exceeded 20% for some offense categories, including property (28%) and public-order (21%) offenses. For the remaining offense categories, however, less than 10% of defendants identified as illegal aliens were released prior to case disposition.

### Among all defendants, black and American Indian/Alaska Native defendants had more serious criminal histories than white defendants

Factors courts were required by the 1984 Bail Reform Act to consider for pretrial release, including criminal history and citizenship status, varied across racial and ethnic categories For example, black and American Indian/Alaska Native defendants generally had more extensive criminal histories than white defendants. During the combined period from 2008 through 2010, 61% of black and 43% of American Indian/Alaska Native defendants had five or more prior arrests, compared to 36% of whites (table 10). Moreover, a higher percentage of black (46%) and American Indian/Alaska Native (33%) defendants had a prior violent felony conviction compared to white (27%) defendants.

Hispanics and whites had relatively similar criminal backgrounds. For instance, a similar percentage of whites (43%) and Hispanics (41%) had no history of prior convictions when they were brought into the federal courts.

### About three-quarters of all Hispanic defendants were non-U.S. citizen illegal aliens

A defendant's citizenship status constitutes another important factor that federal courts consider when making pretrial release decisions. Ninety percent of noncitizen illegal alien defendants were detained pretrial (not shown in table). Almost three-quarters of Hispanic defendants in the federal courts were non-U.S. citizen illegal aliens, while a fifth of Hispanic defendants in federal courts had U.S. citizenship. In comparison to Hispanic defendants, 95% or more of white, American Indian/Alaska Native, and black defendants were U.S. citizens. Asian/Pacific Islander defendants were the only other race category in which sizable minorities of defendants were either noncitizen legal aliens (26%) or illegal aliens (13%).

### TABLE 10
**Race and ethnicity of defendants for cases disposed in federal district courts, by criminal history and citizenship status, FY 2008–2010**

| Criminal history and citizenship status | White[a] | Black/African American[a] | Hispanic/Latino | American Indian/Alaska Native[a] | Asian/Pacific Islander[a] |
|---|---|---|---|---|---|
| Number of prior arrests | | | | | |
| None | 32% | 15% | 28% | 24% | 50% |
| 1 | 13 | 7 | 14 | 11 | 17 |
| 2 to 4 | 20 | 18 | 26 | 23 | 16 |
| 5 to 10 | 18 | 26 | 21 | 21 | 10 |
| 11 or more | 18 | 35 | 12 | 22 | 7 |
| Number of prior convictions | | | | | |
| None | 43% | 24% | 41% | 32% | 66% |
| 1 | 14 | 12 | 18 | 15 | 14 |
| 2 to 4 | 20 | 27 | 26 | 24 | 13 |
| 5 to 10 | 15 | 25 | 12 | 18 | 6 |
| 11 or more | 7 | 13 | 3 | 11 | 2 |
| Nature of prior convictions[b] | | | | | |
| Misdemeanor conviction only | 35% | 18% | 33% | 46% | 42% |
| Felony conviction | 65 | 82 | 67 | 54 | 58 |
| Nonviolent | 16 | 9 | 19 | 11 | 18 |
| Drug | 22 | 27 | 27 | 10 | 17 |
| Violent | 27 | 46 | 22 | 33 | 23 |
| Citizenship status | | | | | |
| U.S. citizen | 95% | 95% | 20% | 98% | 61% |
| Legal alien | 3 | 3 | 7 | 1 | 26 |
| Illegal alien | 3 | 3 | 73 | 1 | 13 |
| Number of defendants | 60,427 | 54,346 | 155,036 | 4,049 | 5,569 |

Note: Excludes defendants classified as other race. Information on race and ethnicity was available for 99.0% of defendants, citizenship status was available for 98.7%, and information on criminal history was available for 99.8% of defendants. Felony conviction percentages may not sum to total due to rounding.

[a]Excludes persons of Hispanic or Latino origin.

[b]Includes only defendants with a prior conviction record.

Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

### 17% of federal defendants released prior to case disposition committed technical violations

Technical violations (such as violations of pretrial conditions, including drug test failure or failure to maintain electronic reporting requirements) were committed by 17% of defendants released prior to case disposition from 2008 to 2010 (table 11). Defendants released on weapons (30%), drug (25%), and violent (24%) offenses had the highest rates of technical violations, while immigration defendants released pretrial had the lowest rates of violating their pretrial conditions (6%). The relatively low rate of technical violations for immigration defendants may be due to federal courts typically not attaching pretrial conditions to these defendants when released prior to disposition.

From 2008 to 2010, relatively few released defendants either failed to make court appearances (1%) or were rearrested for new offenses (4%). The percentage of defendants with missed court appearances did not exceed 2% across the major offense types. Rearrest percentages ranged from 1% for immigration defendants to 8% for weapons defendants.

Fifty-six percent of defendants who committed misconduct had their release revoked by the federal courts (not shown in table). Twenty-one percent of released weapons and more than 15% of violent (18%) and drug (16%) defendants had their release revoked, while less than 10% of released property (7%), public-order (6%), and immigration defendants (4%) had a pretrial release revocation.

In comparison, a third of released defendants in the nation's 75 most populous counties committed some form of pretrial misconduct during 2006. Half of pretrial misconduct events involved bench warrants that were issued due to missed court appearances, while a similar percentage of defendants with pretrial misconduct were rearrested for new offenses committed during the pretrial release period (not shown in table). In 2006, the percentage of defendants charged with pretrial misconduct was highest for drug defendants (37%) and lowest for those released after being charged with a violent offense (26%) (not shown in table).

**TABLE 11**
**Behavior of defendants released pretrial for cases disposed in federal district courts, by offense type, FY 2008–2010**

| Most serious offense charged | Number of released defendants | Percent of released defendants who had— | | | | |
|---|---|---|---|---|---|---|
| | | At least one violation | Failed to appear | Technical violations of bond conditions | A rearrest for new offense* | Release revoked |
| All defendants | 101,622 | 19% | 1% | 17% | 4% | 11% |
| Violent | 2,668 | 26% | 1% | 24% | 4% | 18% |
| Property | 31,332 | 15% | 1% | 13% | 3% | 7% |
| Fraudulent | 25,378 | 14 | 1 | 12 | 3 | 7 |
| Other | 5,954 | 16 | 1 | 14 | 3 | 9 |
| Drug | 31,887 | 28% | 2% | 25% | 5% | 16% |
| Trafficking | 26,683 | 29 | 2 | 26 | 6 | 17 |
| Other | 5,204 | 24 | 2 | 23 | 4 | 12 |
| Public-order | 15,058 | 12% | 1% | 11% | 2% | 6% |
| Regulatory | 2,818 | 10 | 1 | 9 | 2 | 5 |
| Other | 12,240 | 12 | 1 | 11 | 2 | 6 |
| Weapons | 7,127 | 33% | 2% | 30% | 8% | 21% |
| Immigration | 11,939 | 7% | 1% | 6% | 1% | 4% |

Note: Detail will not sum to total because a defendant could have more than one type of violation. Information on offense type available for 98.4% of released defendants.

*Includes felony and misdemeanor offenses.

Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

### Prior criminal activity correlated with higher rates of pretrial misconduct in the federal courts

Released defendants with substantial criminal histories engaged in pretrial misconduct more frequently than defendants with less serious criminal backgrounds. From 2008 to 2010, released defendants with more than 10 prior arrests committed technical violations (29%) at a higher rate than defendants with two to four prior arrests (20%) or defendants with no arrest history (9%) **(table 12)**. Defendants with more than 10 prior arrests also had a higher likelihood of being rearrested for new offenses (8%) than defendants who had never been arrested prior to the current case (2%).

In addition, federal courts were more likely to revoke the releases of defendants with more serious criminal histories. More than 20% of released defendants with more than 10 prior arrests or convictions received a release revocation, compared to less than 10% of defendants with no history of prior arrests or convictions.

Prior criminal activity was also associated with higher rates of pretrial misconduct in state courts. For pretrial release and misconduct in the nation's 75 most populous counties from 1990 to 2004, defendants with at least one prior felony conviction (43%) had a higher rate of pretrial misconduct than defendants with misdemeanor convictions only (34%) or no prior convictions (27%) (not shown in table). (See *Methodology*.)

### TABLE 12
**Misconduct of defendants released pretrial for cases disposed in federal district courts, by criminal history, FY 2008–2010**

| Criminal history | Number of released defendants | Percent of released defendants who had— | | | | |
|---|---|---|---|---|---|---|
| | | At least one violation | Failed to appear | Technical violations of bond conditions | A rearrest for new offense* | Release revoked |
| All defendants | 101,622 | 19% | 1% | 17% | 4% | 11% |
| **Number of prior arrests** | | | | | | |
| None | 38,009 | 10% | 1% | 9% | 2% | 5% |
| 1 | 14,902 | 16 | 2 | 14 | 3 | 8 |
| 2 to 4 | 21,909 | 22 | 2 | 20 | 4 | 12 |
| 5 to 10 | 16,044 | 28 | 2 | 26 | 6 | 17 |
| 11 or more | 10,547 | 33 | 2 | 29 | 8 | 21 |
| **Number of prior convictions** | | | | | | |
| None | 52,790 | 13% | 1% | 12% | 2% | 6% |
| 1 | 15,842 | 20 | 2 | 18 | 4 | 11 |
| 2 to 4 | 19,785 | 25 | 2 | 23 | 5 | 15 |
| 5 to 10 | 9,771 | 31 | 2 | 27 | 7 | 19 |
| 11 or more | 3,223 | 35 | 2 | 31 | 9 | 24 |
| **Nature of prior convictions** | | | | | | |
| Misdemeanor conviction only | 21,214 | 24% | 2% | 21% | 5% | 14% |
| Felony conviction | 27,407 | 27 | 2 | 24 | 6 | 16 |
| Nonviolent | 7,672 | 20 | 2 | 17 | 5 | 12 |
| Drug | 10,065 | 28 | 2 | 25 | 6 | 17 |
| Violent | 9,670 | 31 | 2 | 28 | 8 | 19 |
| **Prior failure to appear** | | | | | | |
| None | 88,262 | 17% | 1% | 15% | 3% | 9% |
| 1 | 6,204 | 29 | 2 | 27 | 6 | 17 |
| 2 or more | 6,945 | 37 | 2 | 33 | 8 | 22 |

Note: Detail may not sum to total because a defendant could have more than one type of violation. Not all violations resulted in revocation. Information on number of prior felony arrests or convictions, nature of prior convictions, and failure to appear history available for 99.8% of released defendants.

*Includes felony and misdemeanor offenses.

Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

## Black and American Indian/Alaska Native defendants were charged with pretrial misconduct more frequently than white and Hispanic defendants

In the federal courts, 29% of released American Indian/Alaska Native and 27% of released black defendants had at least one violation of their pretrial conditions, while 18% of released white, 16% of released Asian/Pacific Islander, and 14% of released Hispanic defendants engaged in some form of pretrial misconduct from 2008 to 2010 (table 13). Black and American Indian/Alaska Native defendants were also charged with technical violations of their release conditions, rearrested for new offenses, and had their pretrial release statuses revoked at higher rates than white, Asian/Pacific Islander, or Hispanic defendants.

The percentage of males (20%) committing pretrial misconduct was slightly higher than females (17%). As with pretrial release, there was a curved relationship between age and pretrial misconduct, with younger and older defendants charged with pretrial misconduct less frequently than defendants in the mid-age range. Seventeen percent of defendants age 17 or younger committed some form of pretrial misconduct, compared to 24% of defendants ages 20 to 29 and 14% of defendants age 40 or older.

### TABLE 13
**Misconduct of defendants released pretrial for cases disposed in federal district courts, by demographic characteristics and citizenship status, FY 2008–2010**

| Demographic characteristic and citizenship status | Number of released defendants | Percent of released defendants who had— | | | | |
|---|---|---|---|---|---|---|
| | | At least one violation | Failed to appear | Technical violations of bond conditions | A rearrest for new offense[a] | Release revoked |
| All defendants | 101,622 | 19% | 1% | 17% | 4% | 11% |
| Sex | | | | | | |
| Male | 75,991 | 20% | 2% | 18% | 4% | 11% |
| Female | 25,438 | 17 | 1 | 15 | 3 | 9 |
| Age | | | | | | |
| 17 or younger | 169 | 17% | 2% | 15% | 2% | 10% |
| 18–19 | 2,387 | 22 | 1 | 21 | 4 | 14 |
| 20–29 | 30,630 | 24 | 2 | 22 | 5 | 14 |
| 30–39 | 29,039 | 20 | 2 | 18 | 4 | 11 |
| 40 or older | 39,202 | 14 | 1 | 13 | 2 | 7 |
| Race/ethnicity | | | | | | |
| White[b] | 39,534 | 18% | 1% | 16% | 3% | 10% |
| Black/African American[b] | 23,570 | 27 | 2 | 24 | 6 | 15 |
| Hispanic/Latino | 30,542 | 14 | 2 | 13 | 2 | 9 |
| American Indian/Alaska Native[b] | 2,172 | 29 | 2 | 27 | 5 | 22 |
| Asian/Pacific Islander[b] | 3,663 | 16 | 1 | 14 | 2 | 6 |
| Citizenship status | | | | | | |
| U.S. citizen | 81,902 | 22% | 1% | 20% | 4% | 12% |
| Legal alien | 6,481 | 17 | 5 | 14 | 3 | 10 |
| Illegal alien | 11,793 | 2 | 1 | 2 | -- | 1 |

Note: Detail may not sum to total because a defendant could have more than one type of violation. Excludes defendants classified as other race. Information on race and ethnicity available for 98.5% of released defendants. Information on sex available for 99.8% of released defendants, age available for 99.8%, and citizenship status available for 98.6%.

--Less than 0.5%

[a]Includes felony and misdemeanor offenses.

[b]Excludes persons of Hispanic or Latino origin.

Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

**Defendants released on financial bond had fewer technical violations than defendants released through nonfinancial methods**

From 2008 to 2010, the percentage of released defendants committing technical violations of their pretrial conditions was lower for defendants released on deposit (14%) or surety (7%) bond, compared to defendants released on unsecured bond (19%) or personal recognizance (19%) (table 14). This variation is due in part to the relatively lower rates in which courts attach pretrial conditions to those released through financial bond. In comparison to technical violations, the differences between financial and nonfinancial release in terms of missed court appearances or rearrests for new offenses were fairly similar across the various types of pretrial release.

**TABLE 14**

**Misconduct of defendants released pretrial for cases disposed in federal district courts, by type of pretrial release, FY 2008–2010**

| Type of release | Number of released defendants | Percent of released defendants who had— | | | | |
|---|---|---|---|---|---|---|
| | | At least one violation | Failed to appear | Technical violations of bond conditions | Rearrested for new offense* | Release revoked |
| All releases | 101,622 | 19% | 1% | 17% | 4% | 11% |
| Financial release | 27,271 | 15% | 2% | 13% | 3% | 8% |
| Collateral bond | 6,577 | 20 | 2 | 18 | 5 | 10 |
| Deposit bond | 12,359 | 17 | 2 | 14 | 3 | 10 |
| Surety bond | 8,335 | 8 | 1 | 7 | 1 | 5 |
| Unsecured bond | 39,734 | 21% | 2% | 19% | 4% | 11% |
| Personal recognizance | 32,292 | 21% | 1% | 19% | 4% | 12% |

Note: Detail may not sum to total because a defendant could have more than one type of violation. Excludes financial and nonfinancial release types for 2,325 defendants with a release classified as other or whose release types could not be determined.

*Includes felony and misdemeanor offenses.

Source: Administrative Office of the U.S. Courts, Office of Probation and Pretrial Services Automated Case Tracking System, 2008–2010.

# Methodology

## Federal Justice Statistics Program (FJSP)

Data used for this report are from the Bureau of Justice Statistics' (BJS) Federal Justice Statistics Program (FJSP) database. The FJSP is presently constructed from source files provided by the U.S. Marshals Service, Executive Office for U.S. Attorneys, Administrative Office of the U.S. Courts (AOUSC), United States Sentencing Commission, and Federal Bureau of Prisons. In addition to providing data describing defendants in cases processed by the federal judiciary, the AOUSC provides data describing defendants processed by the federal pretrial services agencies and the federal probation and supervision service. For more information about the methodology used for the FJSP, see the BJS website.

## Office of Probation and Pretrial Services Automated Case Tracking System (PACTS)

For this report, all tables were created from data in the AOUSC's Office of Probation and Pretrial Services Automated Case Tracking System (PACTS), which were subsequently processed for the FJSP. The PACTS data contain information on defendants interviewed, investigated, or supervised by federal pretrial services. The information covers defendant pretrial hearings, detentions, and releases from the time they are interviewed through the disposition of their cases in federal district courts. The data describe defendants processed by federal pretrial service agencies within each of the 93 federal judicial districts. Defendants who received pretrial services through a local, nonfederal agency were excluded. Since the District of Columbia operates its pretrial services agency separate from the AOUSC, data describing defendants prosecuted in the U.S. district court for the District of Columbia but processed by the D.C. pretrial services agency were excluded in this analysis.

The data describe 283,358 defendants who were under the jurisdiction of federal pretrial services from October 1, 2007, through September 30, 2010 (i.e., fiscal years 2008 through 2010), and whose cases were filed by complaint, indictment, or information. Federal pretrial service agencies have jurisdiction over both released and detained defendants from the time of arrest until their case is disposed by the federal courts. A disposition occurs through a guilty plea or trial conviction, dismissal, or acquittal.

In these tables, the totals include records for defendants whose offense or other attributes were missing or unknown. The percentage distributions are based on nonmissing values, and missing values are reported in the table footnotes.

Offenses in the PACTS are based on the most serious charged offense, as determined by the probation officer responsible for interviewing the defendant. The probation officer classifies the major offense charged into AOUSC four-digit offense codes. For defendants charged with more than one offense on an indictment, the probation officer chooses as the major charged offense the one carrying the most severe penalty or, in the case of two or more charges carrying the same penalty, the one with the highest offense severity. The offense severity level is determined by the AOUSC, which ranks offenses according to the maximum sentence, type of crime, and maximum fine amount. These four-digit codes are then aggregated into the primary offense charges used for this report.

## Defining pretrial release within the PACTS data

Defendants are identified as released pretrial if they were released anytime during the period between the initial appearance hearing and case adjudication. At the initial appearance, the defendant could either be released pretrial or detained for additional hearings. For those defendants not released at initial appearance, pretrial release could occur at subsequent events, including detention or bond hearings, or the defendant could be held for the entire duration of a case. For this report, the total pretrial release rate includes those defendants released at initial appearance, as well as those released after a period of detention.

In addition, the number of released defendants reported in the BJS *Federal Justice Statistics* reports for fiscal years 2008 and 2009 differ from those in this report due to recent adjustments with the PACTS data. For the 2008 and 2009 reports, defendants were identified as being released pretrial only if they were released during the initial appearance or detention hearing stages of a criminal case. Pretrial releases did not cover defendants released after these events and showed release rates of 29% in fiscal year 2008 and 31% in fiscal year 2009. The 2008 and 2009 PACTS files analyzed for this report were adjusted so that defendants released anytime during the course of a case were coded as released pretrial. These adjustments resulted in pretrial release rates of 35% for both fiscal years 2008 and 2009. This method of identifying released defendants encompasses a broader range of releases and is similar to those used in BJS's Federal Justice Statistics reports that were published prior to 2008. For more information, see *Federal Justice Statistics, 2008 –Statistical Tables*, NCJ 231822, BJS website, November 2008, and *Federal Justice Statistics, 2009*, NCJ 234184, BJS website, December 2011.

The forms of pretrial release and detention shown in the report are reported as mutually exclusive categories. However, a single defendant may have multiple forms of pretrial release and detention. For example, the court may have initially released a defendant on their own recognizance, and then the defendant may have been brought back to court on a technical violation with a financial bond set. The PACTS data only cover the initial and not subsequent release methods. In addition, pretrial release conditions, such as drug monitoring or treatment, are counted separately from the release types because federal courts typically attach such conditions regardless of how a defendant was released.

### State level data on pretrial release

In this report, the federal pretrial data were compared with state-level data when possible. Information on pretrial release and misconduct in state courts was obtained from reports that used data from the State Court Processing Statistics (SCPS) data collection program (most recent data are for 2006). SCPS provides data on the criminal justice processing of felony defendants in a sample of 40 of the nation's 75 most populous counties. The program prospectively tracks felony defendants from charging by the prosecutor during the month of May of an even number year until disposition of their case or for a maximum of 12 months. The SCPS project obtains data on a variety of felony case processing characteristics in addition to information about pretrial release and misconduct in state courts. Some of the core data elements collected in SCPS included demographic characteristics, arrest offenses, criminal justice status at the time of arrest, prior arrests and convictions, bond and pretrial release, court appearance record, rearrests while on pretrial release, adjudication outcomes including whether and how the defendant was convicted, and type and length of sentence. (For more information, see *Felony Defendants in Large Urban Counties, 2006*, NCJ 228944, BJS website, May 2010, and *Pretrial Release of Felony Defendants in State Courts, 1990-2004*, NCJ 214994, BJS website, November 2007.)

### Key terms

*Initial appearance*—The first time that a defendant charged with a federal offense appears before a federal judicial officer, typically a magistrate judge. At the initial appearance stage, the defendant can either be released pretrial or detained for additional hearings. For those defendants not released at initial appearance, pretrial release can occur at subsequent events including detention or bond hearings, or the defendant can be held for the duration of the entire case.

*Federal court disposition*—The act of terminating a case proceeding through a guilty plea or trial conviction, dismissal, or acquittal. The defendant is no longer under supervision of the federal pretrial authority after disposition.

*Defendant (unit of analysis)*—In the Federal Justice Statistics Program, the unit of analysis is a combination of a person and a case. For example, if the same person is involved in three different criminal cases during the period specified in this report, then these cases are counted as three defendants, or three cases disposed. Similarly, a single criminal case involving four defendants is counted as four cases disposed.

*Released defendant*—Defendant is released pretrial prior to case disposition. A release can occur anytime from initial appearance to case disposition. Under this definition, defendants are considered released even if they had been initially detained by the court.

### Types of pretrial release

Defendants may be released without financial conditions according to the following methods:

*Personal recognizance*—The defendant is released subject to no financial or other conditions.

*Unsecured bond*—No money is required to be posted before release, but the defendant is liable for full bond amount if the defendant fails to appear.

*Conditional release*—Any combination of restrictions that are deemed necessary to guarantee the defendant's appearance at trial or the safety of the community. These conditions commonly place restrictions on the defendant's movements, associations, or actions. They may also involve employment or treatment for medical, psychological, or substance abuse conditions. Pretrial conditions are typically attached to defendants released without financial bond; however, courts can impose pretrial conditions on defendants receiving a financial release.

Defendants may also be released on financial conditions. Financial conditions include the following methods:

*Deposit bond*—The defendant is required to post a percentage of the total bond amount with the federal court, (usually 10%).

*Surety bond*—The defendant is released subject to guarantees by a third person, usually a bail bondsman, that the full amount will be paid.

*Collateral bond*—Money or property equal to the full bond amount required to be posted by the defendant before release.

Financial conditions may occur in combination with nonfinancial conditions.

### Types of pretrial detention

According to the Bail Reform Act of 1984, preventive detention is applicable in instances in which the defendant was charged with—

1) a crime of violence

2) an offense with a statutory maximum sentence of life imprisonment or death

3) a drug offense with a statutory maximum sentence of 10 years or more imprisonment

4) any felony offense if the defendant had been convicted on two or more occasions of an offense described above or a similar state-level offense.

A defendant on preventive detention is typically detained during the entire period from initial appearance through case adjudication. Other forms of pretrial detention include detention because defendants could not meet the financial bond set by the court or because they were unable to meet specified pretrial conditions.

*Pretrial misconduct*—Instances in which a released defendant violated their pretrial release conditions.

### Types of pretrial misconduct

The following types of events are included under pretrial misconduct:

*Technical violation*—Events in which the defendant failed to comply with their pretrial release conditions, including failing a drug test, failing to maintain or seek employment, refusing to maintain contact with a pretrial supervision officer, or violating weapons prohibitions.

*Failure to appear*—Occurs when a defendant misses a scheduled court appearance.

*Rearrest for new offenses*—Occurs when a defendant is rearrested for felony or misdemeanor offenses committed while out on pretrial release.

### Definitions of major offense categories

*Violent*—Includes murder, non-negligent or negligent manslaughter, aggravated or simple assault, robbery, rape or sexual abuse, kidnapping, and threats against the President.

*Property*—Includes fraudulent and other types of property offenses.

*Fraudulent property*—Includes embezzlement, fraud (including tax fraud), forgery, and counterfeiting.

*Other property*—Includes burglary, larceny, motor vehicle theft, arson, transportation of stolen property, and other property offenses, such as destruction of property and trespassing.

*Drug*—Includes offenses prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance), or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Public-order*—Includes regulatory and other types of offenses.

*Regulatory public-order*—Includes violation of regulatory laws and regulation in agriculture, antitrust, labor law, food and drug, motor carrier, and other regulatory offenses.

*Other public-order*—Includes nonregulatory offenses concerning tax law violations (tax fraud), bribery, perjury, national defense, escape, racketeering and extortion, gambling, liquor, mailing or transporting of obscene materials, traffic, migratory birds, conspiracy, aiding and abetting, jurisdictional offenses, and other public-order offenses.

*Weapons*—Includes violations of any of the provision of 18 U.S.C. 922–923 concerning the manufacturing, importing, possessing, receiving, and licensing of firearms and ammunition.

*Immigration*—Includes offenses involving illegal entrance into the United States, illegally reentering after being deported, willfully failing to deport when so ordered, or bringing in or harboring any aliens not duly admitted by an immigration officer.



The Bureau of Justice Statistics is the statistical agency of the U.S. Department of Justice. James P. Lynch is the director.

This Special Report was written by Thomas H. Cohen. Mark Motivans verified the report.

Jill Thomas and Morgan Young edited the report, and Barbara Quinn produced the report under the supervision of Doris J. James. Barbara Parthasarathy of Urban Institute provided comments.

November 2012, NCJ 239243



NCJ239243

**Office of Justice Programs**
**Innovation • Partnerships • Safer Neighborhoods**
**www.ojp.usdoj.gov**