**Declaration of Samuel Brooke**

I, Samuel Brooke, state as follows:

1.      I am a Deputy Legal Director for the Southern Poverty Law Center (SPLC) and am an attorney for Plaintiffs in this matter.  I have knowledge of the facts contained herein.

2.      I am admitted to practice in the states of Alabama, Mississippi, Connecticut, and New York, the Court of Appeals for the 4th, 6th, and 11th Circuits, the U.S. Supreme Court, and various District Courts.  I earned my Juris Doctor Degree, *magna cum laude*, from New York University School of Law in 2006, and was admitted to practice law in the state of Connecticut the same year.  Since fall 2008, I have worked as a Fellow/Attorney, Staff Attorney, Senior Staff Attorney, and now a Deputy Legal Director at SPLC.  I also worked as a Staff Attorney for the American Civil Liberties Union Foundation of Connecticut from the fall of 2006 to the fall of 2007; as a Law Fellow with the American Civil Liberties Union Foundation of Alabama from the Fall of 2007 to the Fall of 2008, and clerked for the Honorable Judge Joan B. Gottschall, of the Northern District of Illinois, from the Fall of 2008 to the Fall of 2009.

3.      My colleague and co-counsel Micah West earned his Juris Doctor degree from the University of California, Berkeley, School of Law in 2013.  He was admitted to practice law in the state of California the same year and in the state of Alabama in 2016.  He clerked for the Honorable David M. Lawson of the Eastern District of Michigan from the Fall of 2013 to the Fall of 2015, at which time he joined SPLC as a staff attorney.

4.      During my time with SPLC, I have served as lead counsel or co-counsel for my firm on federal civil rights cases brought by plaintiffs challenging state laws and policies or practices in Alabama, Georgia, Louisiana, Tennessee, South Carolina, and California.  This work includes challenges to the practices of municipal courts related to the jailing of persons due to

their inability to pay amounts owed to the court in cases captioned <u>Cook v. Black</u>, No. 2:16-cv-11024 (E.D. La. filed June 21, 2016) (case on-going); <u>Foster v. City of Alexander City</u>, No. 3:15-cv-00647 (M.D. Ala. filed 2015) (injunctive relief settled, damages claim preliminarily approved by court pending final fairness hearing); and <u>Cleveland v. City of Montgomery</u>, No. 2:13-cv-00732 (M.D. Ala.).  I also served as lead counsel in a challenge to the use of private probation companies in relation to the operation of municipal courts, in a case captioned <u>Reynolds v. Judicial Correction Services, Inc.</u>, No. 2:15-cv-00161 (M.D. Ala., settled in 2016). My colleague Mr. West is my co-counsel in the <u>Cook</u> matter.

5.    I am lead class counsel for a certified class under Rule 23(b)(2) in the matter of <u>Wilson v. Gordon</u>, No. 3:14-CV-01492, 2014 WL 4347585 (M.D. Tenn. Sept. 2, 2014).  My colleague Mr. West is also class counsel in the <u>Wilson</u> matter.  I am also class counsel for a proposed settlement class under Rule 23(b)(3) in the <u>Foster</u> matter, which is being led jointly by me and a colleague at SPLC.  I have also served as class counsel for a certified class under Rule 23(b)(3) in the matter of <u>Mairi Nunag Tanedo, et al. v. East Baton Rouge Parish School Board, et al.</u>, No. 8:10-cv-01172 (C.D. Cal. Dec. 12, 2011) (Dkt. No. 232), under the direction of James Knoepp, who is my colleague and was at the time my supervisor at SPLC, and was the lead attorney on the <u>Nunag Tanedo</u> matter.  I have also been lead counsel in two cases where certification was sought under Rule 23(b)(2), but these cases were resolved without the need for a ruling on the class certification motions.  <u>See</u> <u>Cent. Ala. Fair Housing Ctr., et al. v. Magee, et al.</u>, No. 11-cv-982 (M.D. Ala.); <u>Charlene Loder v. Reese McKinney, Jr.</u>, No. 11-cv-979 (M.D. Ala.), <u>Reynolds v. Judicial Correction Services, Inc.</u>, No. 2:15-cv-00161 (M.D. Ala.).

6.    My firm, SPLC, has been deemed adequate class counsel in more than twenty cases, including:  <u>Alexander v. Sandoval</u>, 532 U.S. 275 (2001); <u>Paradise v. Allen</u>, 480 U.S. 149

(1987); Dothard v. Rawlinson, 433 U.S. 321 (1977); Rosiles-Perez v. Superior Forestry Serv., 250 F.R.D. 332 (M.D. Tenn. 2008); Escolastico De Leon-Granados v. Eller & Sons Trees, 2006 U.S. Dist. LEXIS 73781 (N.D. Ga., Sept. 28, 2006); Recinos-Recinos v. Express Forestry, Inc., 233 F.R.D. 472 (E.D. La. 2006); and Salinas-Rodriguez v. Alpha Services, LLC, No. 3:05 CV 440 WHB-AGN (S.D. Miss. 2005); Gaddis v. Campbell, 03-T-390-N (M.D. Ala. 2003); Baker v. Campbell, CV-03-1114-M (N.D. Ala. 2003); S.S. v. Wood, No. 01-M-224-N (M.D. Ala. 2001); Brown v. James, No. 98-T-663-N (M.D. Ala. 1998); Austin v. James, 15 F.Supp.2d 1220 (M.D. Ala. 1998); Harris v. James, 94-1422-N (M.D. Ala.1994); Southern Christian Leadership Conference v. Evans, 785 F.Supp. 1469 (M.D. Ala. 1992); Bradley v. Haley, No. 92-A-70-N (M.D. Ala. 1992); R.C. v. Fuller, 88-D-1170-N (M.D. Ala. 1988); Nowak v. Foster, 84-0057-P (W.D. Ky. 1984); Pugh v. Locke, 559 F.2d 283 (11th Cir. 1977); Smith v. YMCA, 462 F.2d 634 (5th Cir. 1972); Wyatt v. Sawyer, CV-70-3195 (M.D. Ala 1970); Nixon v. Brewer, CV-3017-N (M.D. Ala. 1970). I was not counsel in these cases, but many of my colleagues at SPLC were, and these colleagues remain available to consult and assist as needed.

7. The SPLC has substantial experience related to the constitutionality of bail procedures. Over the last year, the SPLC, in conjunction with co-counsel from Civil Rights Corps, have worked with 75 municipal courts in Alabama to reform their procedures, and Mr. West and myself have presented on the issue of bail procedures at several judicial conferences over the last year. Moreover, we have significant experience addressing constitutional issues with court practices more generally, and have collaborated with the municipal courts of Montgomery, Alexander City, and Clanton to reform their procedures to ensure they are constitutional.

8.     The SPLC has spent substantial time and effort to investigate this case and to understand how the Randolph County court functions.  This includes reviewing jail records and court case files and speaking with court officials about their bail practices.

9.     The SPLC, along with the American Civil Liberties Union and the Civil Rights Corps, has sufficient funds available to litigate this case.  Plaintiffs' counsel have paid for all costs associated with this litigation to date, and will continue to do so.

I swear under penalty of perjury that the information in this affidavit is true to the best of my memory, knowledge and belief.

EXECUTED on May 18, 2017.

Samuel Brooke

## CERTIFICATE OF SERVICE

I hereby certify that arrangements have been made to, on this date, deliver a true and

correct copy of the foregoing by hand delivery to the following at the below addresses:

David Cofield, Sheriff
Randolph County Sheriffs' Office
1 N Main Street
Wedowee, AL 36278

Hon. Jill Puckett, Magistrate
Randolph County District Court
1 N Main Street
Wedowee, AL 36278

Christopher May, Circuit Clerk
Randolph County Circuit Court
1 N Main Street
Wedowee, AL 36278

Hon. Clay Tinney, Judge
Randolph County District Court
1 N Main Street
Wedowee, AL 36278

Formal proof of service will be filed with the Court when completed.

I further certify that arrangements have been made to, on this date, deliver a true and

correct courtesy copy of the foregoing by hand delivery and by electronic mail to the following:

James W. "Jim" Davis, Section Chief
Constitutional Defense Section
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104
E: jimdavis@ago.state.al.us

Jamie H. Kidd
J. Randall McNeill
WEBB & ELEY, P.C.
P.O. Box 240909
Montgomery, AL 36124
E: jkidd@webbeley.com
E: rmcneill@webbeley.com

John Alvin Tinney
Randolph County Attorney
P.O. Box 1430
Roanoke, AL 36274-9121
E: johntinneyattorney@gmail.com

on this May 18, 2017.

Samuel Brooke