IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KANDACE KAY EDWARDS, on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 3:17-cv-321-WKW-SRW |
| DAVID COFIELD, in his official capacity as Randolph County Sheriff, | Class Action |
| CHRISTOPHER MAY, in his official capacity as Circuit Clerk, | |
| JILL PUCKETT, in her official capacity as Magistrate of the Randolph County District Court, and | |
| CLAY TINNEY, in his official capacity as the District Court Judge of the Randolph County District Court, | |
| Defendants. | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSES TO
MOTION FOR TEMPORARY RESTRAINING ORDER AND
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiff Edwards, through undersigned counsel, writes in reply to Defendants Clay Tinney's, Christopher May's, and Jill Puckett's "Response to Plaintiff's Motion for Preliminary Injunction" (Doc. No. 22) and Defendant Cofield's "Response to Plaintiff's Motion for Temporary Restraining Order" (Doc. No. 24) to clarify Plaintiff's position, as follows:

1

## FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff was arrested on May 17, 2017, for allegedly fraudulently endorsing a $75 check, and a secured bond amount was set for her at $7,500 pursuant to the bond schedule used by the Randolph County Sheriff David Cofield.

2. Plaintiff filed this case on May 18, 2017, at 11:40 a.m. (Doc. No. 1.)

3. Plaintiff was released sometime in the afternoon of May 18, 2017, after the bonding company Grover Poole Bail Bonding Company signed surety papers with the Randolph County District Court to cover the $7,500 bond.

4. Neither Plaintiff nor anyone at Plaintiff's request contacted Grover Poole Bail Bonding Company.

5. Upon information and belief, the Randolph County Sheriff's Office arranged for Grover Poole Bail Bonding Company to post Ms. Edwards's bond after Plaintiff filed this case.

6. After being released, Plaintiff was told by the bond agent, Mr. Blu Sledge, that she would need to pay him $750 for the bond, and that she would need to check in with him regularly.

7. Plaintiff told Mr. Sledge that she could not afford to pay $750.

8. The Court granted Plaintiff's Motion for a Temporary Restraining Order, related to Ms. Edwards only, shortly after 6:00 p.m. on May 18, 2017. (Order, Doc No. 9.) The Court also set a hearing for May 26, 2017, at 1:00 p.m., to "determine whether to convert this temporary restraining order into a preliminary injunction, so long as it is still necessary." (*Id.* at 4.)

9. Plaintiff's Counsel did not learn from Ms. Edwards or Defendants that she had been released until after the TRO had entered.

10. On May 25, 2017, Plaintiff's bond was converted to a signature bond. (Doc. No. 22-1.)

11. Ms. Edwards is not currently in custody.

## PLAINTIFF'S POSITION ON THE TRO AND REQUEST FOR PRELIMINARY INJUNCTION

12. Plaintiff agrees that it is not necessary to extend the TRO into a preliminary injunction order at this time, in light of her now being released on a signature bond.

13. Plaintiff takes no position on whether the telephonic hearing set for May 26, 2017, at 1:00 p.m. should be cancelled, but does not oppose cancelling that hearing.

14. Plaintiff submits that her Motion for Class Certification (Doc. No. 5) and Motion for a Preliminary Injunction on behalf of the Proposed Class (Doc. No. 3) are not moot, even though Ms. Edwards is no longer being detained. If the Court were to certify the class and grant the preliminary injunction motion, relief would extend to the class of individuals Ms. Edwards seeks to represent, and therefore this controversy has not been resolved by the release of Ms. Edwards from custody. *See Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975) (finding claims inherently transitory because pretrial custody "may be ended at any time by release on recognizance, dismissal of the charges, or a guilty plea, as well as by acquittal or conviction after trial").

15. By contrast, Ms. Edwards's request for a Temporary Restraining Order was limited to Ms. Edwards only.

16. Plaintiff respectfully requests that the Court set a briefing schedule and hearing date on her Motion for Class Certification (Doc. No. 5) and Motion for a Preliminary Injunction (Doc. No. 3).

Dated: May 25, 2017	Respectfully submitted,

/s/ Samuel Brooke
Samuel Brooke
*On behalf of Attorneys for Plaintiff*

Samuel Brooke (ASB-1172-L60B)
Micah West (ASB-1842-J82F)[‡]
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL  36104
P:  (334) 956-8200
F:  (334) 956-8481
E: samuel.brooke@splcenter.org
E: micah.west@splcenter.org

Alec Karakatsanis (DC Bar No. 999294)*
Katherine Hubbard (Cal. Bar No. 302729)*
CIVIL RIGHTS CORPS
910 17th Street NW, Suite 500
Washington, DC  20006
P: (202) 930-3835
E: alec@civilrightscorps.org
E: katherine@civilrightscorps.org

Randall C. Marshall (ASB-3023-A56M)
ACLU FOUNDATION OF ALABAMA, INC.
P.O. Box 6179
Montgomery, AL  36106-0179
P: (334) 420-1741
E: rmarshall@aclualabama.org

Brandon Buskey (ASB-2753-A50B)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
CRIMINAL LAW REFORM PROJECT
125 Broad Street, 18th Floor
New York, NY  10004
P: (212) 549-2654
E: bbuskey@aclu.org

[‡] *Admission pending*
*Admission pro hac vice pending*
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record, including:

Jamie H. Kidd
WEBB & ELEY, P.C.
P.O. Box 240909
Montgomery, AL 36124

Steve Marshall
Benjamin H. Albritton
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL 36130-0152

on this May 25, 2017.

/s/ Samuel Brooke
Samuel Brooke