# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| KANDACE KAY EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:17-cv-321-WKW |
| ) | |
| DAVID COFIELD, in his official ) | |
| Capacity as Randolph County ) | |
| Sheriff, et al., ) | |
| ) | |
| Defendants. ) | |

## SHERIFF DAVID COFIELD'S MOTION TO DISMISS

COMES NOW Sheriff David Cofield, in his official capacity as the Sheriff of Randolph County, Alabama, and hereby respectfully files this Motion to Dismiss. Because Sheriff Cofield has no authority over setting bond as a matter of law, he is due to be dismissed from this action pursuant to Rule 12 of the Federal Rules of Civil Procedure, as follows:

1.  Plaintiff, on behalf of herself and a putative class, has brought suit pursuant to 42 U.S.C. § 1983 challenging the policies and procedures by which bail is allegedly set in Randolph County. As such, this case is both substantively and procedurally different from a petition for writ of habeas corpus, which, although nominatively directed at the official with custody over the petitioner, is actually seeking to review a court's decision in a particular case. *See, e.g.*, *Knewel v. Egan*, 268 U.S. 442, 445 (1925)

("It is the settled rule of this court that habeas corpus calls in question only the jurisdiction of the court whose judgment is challenged.")[1] In contrast, the § 1983 action *sub judice* necessarily seeks direct relief against the Sheriff as Sheriff – not merely indirectly as custodian of the jail – for what are alleged to be his own unconstitutional acts. The Court's jurisdiction over the claims against the Sheriff is therefore predicated on the existence of a remedy that, assuming liability is found, could be effectively directed at the Sheriff. Further, in order to bring a claim pursuant to § 1983, there must be a causal connection between some action (or inaction) by the Sheriff and the alleged harm. In this case, however, the Sheriff has not – and, more importantly, cannot, as a matter of law – exercise any authority over either the general policies and procedures by which bonds are set in Randolph County or the specific terms of any individual defendant's release. All claims against him are therefore due to be dismissed with prejudice pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

    2.    Article III of the United States Constitution provides that the federal courts only have subject matter jurisdiction over an actual case or controversy. This limitation requires "that a federal court act only to redress injury that fairly can be traced to the

---

[1] Federal *habeas* review is, of course, available to challenge a particular decision regarding the conditions of a State criminal defendant's bond only after all State remedies are adopted. The question on review in such cases is simply whether the state judge acted arbitrarily in setting bail. "Any other rule would not only commit the federal courts to the burdensome task of hearing evidence upon and setting bail *de novo* in a host of criminal cases, but also and much more intolerable, such a rule would authorize an unwarranted and unconstitutional encroachment upon the prerogatives of the states in the due administration of their processes of criminal justice." *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972).

challenged action of the defendant…" Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 41 (1976) (emphasis added). "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).

3. Further, 42 U.S.C. § 1983 "plainly requires proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982). It is by now axiomatic that a defendant official or entity cannot therefore be held liable for the actions of those over whom he has no authority or control. *See*, *e.g., Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1331 (11th Cir. 2003). The extent of a particular defendant's authority or control over a specific issue is a question of State law. *See Id.* at 1332.

4. There is no allegation whatsoever in this case that Sheriff Cofield has taken any independent action whatsoever vis-à-vis setting the terms and conditions by which Plaintiff (or any other person) may be released on bond. The bond was instead set in accordance with general bail schedules and procedures which were set by District Court Judge Clay Tinney, who (along with subordinate magistrates and clerks) is "responsible

for setting policies governing release conditions" and conducting initial appearances. (Doc. 1, ¶¶ 15-16.) To the extent that Plaintiff may be arguing that Sheriff Cofield could or should exercise any discretion or authority over the conditions of bond, this argument is incorrect as a matter of law. Alabama law clearly vests only the courts with jurisdiction over the conditions of an arrestee's release, including, but not limited, as follows (all emphasis added):

- Ala. Code § 15-13-1(1) defines "admission to bail" as the "order of a competent ***court or magistrate***, when authorized by law to grant bail, that a defendant be discharged from actual custody on bail."

- Ala. Code § 15-13-2 defines "taking of bail" as the acceptance by "a ***competent court or magistrate***, when authorized by law to grant bail, of sufficient bail…"

- Ala. Code § 15-13-4 further authorizes "***all judges or magistrates***, when authorized by law to grant bail" to ensure that every arrestee has an opportunity to give bail when entitled to do so. This law further provides that "***Any judge or magistrate***, when authorized by law to grant bail, may approve any bond presented to him at any time, which in his judgment is reasonably good, and may, in his discretion, release on his own recognizance any prisoner charged with a misdemeanor."

- Ala. Code § 15-13-6, which applies specifically to felony cases, requires "*the judge of the court*" to set bail; the sheriff has only "the authority, and it is his duty, to discharge such defendant on his giving bail as required."

- Ala. Code § 15-13-22 authorizes "*the court or magistrate*" to accept sureties and to require persons proposing to act as sureties to "answer fully on oath as to their qualifications."

- Ala. Code § 15-13-103 defines "admission to bail" as the "order of a *judicial officer* of any court of the State of Alabama, or one of its subdivisions, that the defendant be discharged from actual custody on bail." "Judicial officers" are further charged to ensure that every defendant has an opportunity to give bail in "the amount that the *judicial officer* feels, in his or her discretion, is sufficient to guarantee the appearance of the defendant."

- Ala. Code § 15-13-104 provides for the affixation of bail to a warrant. While judicial officers may delegate the actual affixation to subordinate court employees, "*the amount shall be set by the judicial officer*."

- Ala. Code § 15-13-105 directs an arresting officer who makes a warrantless arrest in a jurisdiction without a standard bail schedule to "contact a *judicial officer* for an order of bail." If the arresting officer cannot reach an appropriate judicial officer, he may then "contact any *judicial officer* having the authority to set bail in that judicial circuit to issue the order of bail." If a judicial officer has not set

bail within 24 hours, then bail is automatically set in the minimum amount adopted by the schedule adopted by the Alabama Supreme Court. This section also provides that the "***judicial officer*** may also fix the amount of bail on the indictment."

- Rule 7.2 of the Alabama Rules of Criminal Procedure provides that a defendant may be released on his or her personal recognizance or on an appearance bond unless the "***court or magistrate***" determines that such release would be inappropriate; authorizes "***the court***" to impose certain conditions on release; and sets a schedule to guide "***circuit, district, and municipal courts*** in setting bail."

5. It is "clear that the power to decide whether a defendant is entitled to remain at large on bail is a judicial power." *Ex parte State ex rel. Patterson*, 268 Ala. 524, 528, 108 So. 2d 448, 451 (1958) The doctrine of separation of powers accordingly forbids a State executive official like the Sheriff from interfering with or otherwise attempting to exercise this power. *Id.* (holding that the Superintendent of Alabama State Hospitals, a member of the State executive branch, could not require that a criminal defendant be committed for evaluation when a judge had ordered him to be released on bail). Any release by a sheriff on terms other than those judicially set is accordingly void as a matter of law. *See, e.g.*, *Evans v. State*, 63 Ala. 195, 196 (1879) (holding that, in the absence of bail being judicially set, "the sheriff was without authority to take the bail-bond; and under all our decisions, no valid judgment can be rendered on such

forfeited bond."); *Antonez v. State*, 26 Ala. 81, 85 (1855) ("It follows, as the sheriff had no power to take the bond, it is no more than so much blank paper, and the judgment rendered upon it is erroneous." *Ex parte Crews*, 12 Ala. App. 300, 306, 67 So. 804, 805 (Ala. Ct. App. 1915) ("[E]ven if we concede that the sheriff had no authority to release the petitioner on his giving the prescribed bail until the court first made and entered an order suspending the sentence (*Evans v. State*, 63 Ala. 195), and that, therefore, the sheriff was guilty of an escape in letting the petitioner at large upon such bail, yet it does not follow that the petitioner is entitled to have such period that he was so at large credited upon his sentence; and this because the prisoner, having been unlawfully released by consent of the sheriff, was himself an escape.")

6. Because setting the conditions of an arrestee's release is a judicial act, Sheriff Cofield has no authority or power to alter the conditions of bond as set by the court in Plaintiff's case or any other case. Further, because determining whether the court's decision regarding bond follows the law is also necessarily a judicial act, Sheriff Cofield does not have the authority or power to review either the procedure or substance of the decision or to take any action based on his opinion of its lawfulness. There accordingly is not a justiciable controversy between he and Plaintiff in this action, nor is there a basis for a § 1983 claims against him. All claims against him are therefore due to be dismissed pursuant to either 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this the 8th day of June, 2017.

>**s/Jamie H. Kidd**
>JAMIE H. KIDD (ASB-7661-M76H)
>Attorney for Defendant
>David Cofield
>WEBB & ELEY, P.C.
>7475 Halcyon Pointe Dr. (36117)
>P.O. Box 240909
>Montgomery, AL 36124
>(334) 262-1850 - T
>(334) 262-1772 - F
>jkidd@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Samuel Jacob Brooke
Micah West
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
(334) 956-8200 – T
(334) 956-8481 – F
samuel.brooke@splcenter.org
micah.west@splcenter.org
*Attorneys for Plaintiff Kandace Edwards*

Brandon Buskey
American Civil Liberties Union
125 Broad Street; 18th Floor
New York, NY 10004
(212) 284-7364 – T
bbuskey@aclu.org
*Attorney for Plaintiff Kandace Edwards*

Katherine Hubbard
Civil Rights Corps
910 17th Street NW; Suite 500
Washington, DC 20006
(202) 930-3835 – T
katherine@civilrightscorps.org
*Attorney for Plaintiff Kandace Edwards*

Alec Karakatsanis
Equal Justice Under Law
916 G St NW – Ste 701
Washington, DC 20001
(202) 681-2409 – T
alec@equaljusticeunderlaw.org
*Attorney for Plaintiff Kandace Edward*

| | |
|---|---|
| Randall C. Marshall | Benjamin H. Albritton |
| ACLU of Alabama Foundation, Inc. | Office of the Attorney General |
| P.O. Box 6179 | 501 Washington Avenue |
| Montgomery, AL 36106 | Montgomery, AL 36130 |
| (334) 420-1741 – T | (334) 242-7300 – T |
| rmarshall@aclualabama.org | (334) 242-2433 – F |
| *Attorney for Plaintiff Kandace Edwards* | balbritton@ago.state.al.us |
| | *Attorney for Defendants Hon. Jill Puckett,* |
| | *Christopher May, and Hon. Clay Tinney* |

                                        **s/Jamie H. Kidd**
                                        OF COUNSEL