IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KANDACE KAY EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:17-CV-321-WKW |
| ) | |
| DAVID COFIELD, in his official ) | |
| capacity as Randolph County Sheriff, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER TO CLARIFY**

On June 1, 2017, the court ordered Defendants to "file a response to Plaintiff's motion, which shall include a brief supporting their position, **on or before June 16, 2017**." (Doc. # 28, at 1.)  It further instructed that "Plaintiff may file a reply brief **on or before June 23, 2017**."  (Doc. # 28, at 1.)

Because Defendants have already filed a response (Doc. # 22) to Plaintiff's original motion for a preliminary injunction as to Plaintiff (Doc. # 3), a clarification is in order.  As Plaintiff indicates in her reply (Doc. # 25) to Defendants' response (Doc. # 22), it is her position that the motion for a preliminary injunction *on behalf of the proposed class* is not moot.  (Doc. # 25, at 3.)  However, if the motion and Plaintiff's claims are moot *as to Plaintiff*, it is unclear whether the action may proceed.  *See Sosna v. Iowa*, 419 U.S. 393, 402 (1975) (holding that there must be

"a named plaintiff who has . . . a case or controversy at the time the complaint is filed, *and* at the time the class action is certified by the District Court pursuant to Rule 23") (emphasis added); *but see id.* at 402 n.11 ("There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.").[1]

It is this specific issue that the parties were ordered to brief: whether the motion for a preliminary injunction as to the proposed class is moot and, if not, whether the current class representative must be replaced in order for the action to proceed. It is ORDERED that Defendants' deadline to file their response is extended from June 16, 2017, to and including **June 30, 2017**. Plaintiffs may file a reply brief **on or before July 7, 2017**, at which time the motion will be submitted.

DONE this 13th day of June, 2017.

                                      /s/ W. Keith Watkins
                          CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This circuit has recognized *Sosna*'s continuing application as recently as 2014. *See Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 705 (11th Cir. 2014) ("[T]he Supreme Court has made clear, more than once, that the necessary personal stake in a live class-action controversy sometimes is present even when the named plaintiff's own individual claim has become moot.").