**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| KANDACE KAY EDWARDS, on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 3:17-cv-321-WKW-SRW |
| DAVID COFIELD, in his official capacity as Randolph County Sheriff, | Class Action |
| CHRISTOPHER MAY, in his official capacity as Circuit Clerk, | |
| JILL PUCKETT, in her official capacity as Magistrate of the Randolph County District Court, and | |
| CLAY TINNEY, in his official capacity as the District Court Judge of the Randolph County District Court, | |
| Defendants. | |

**PLAINTIFF'S MOTION TO
(1) SET AN EXPEDITED BRIEFING SCHEDULE AND HEARING ON PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION (DOC. NO. 3) AND MOTION FOR
CLASS CERTIFICATION (DOC. NO. 5);
AND
(2) ORDER DEFENDANTS TINNEY, MAY, AND PUCKETT TO RESPOND TO THE
COMPLAINT;**

**AND**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS TINNEY'S, MAY'S,
AND PUCKETT'S MOTION TO CONTINUE MEDIATION AND BRIEFING
DEADLINES (DOC. NO. 36)**

Ms. Edwards, through undersigned Counsel, respectfully submits this Motion to (1) Set an Expedited Briefing Schedule and Hearing on Plaintiff's Motion for a Preliminary Injunction (Doc. No. 3) and Motion for Class Certification (Doc. No. 5), and (2) Order Defendants Tinney, May, and Puckett to Respond to the Complaint. Ms. Edwards also respectfully responds herein to Defendant Tinney's, May's, and Puckett's Motion to Continue Mediation and Briefing Deadlines (Doc. No. 36).

Plaintiff requests that the Court set an expedited briefing schedule and hearing on the pending Motions for Preliminary Injunction and Class Certification because mediation between the parties has not resolved this issue and the Defendants are now seeking a sixty-day extension to conduct those mediation discussions, the irreparable injuries in Randolph County are ongoing, and the law governing these issues is well-settled. Plaintiff also requests that Defendants Tinney, May, and Puckett be ordered to respond to the Complaint, as they are in default. Finally, Plaintiff asks that the Court deny the request by Defendants Tinney, May, and Puckett to stay the briefing schedule the Court has already set on the issue of mootness since this presents a straightforward legal question that the Court will possibly want to resolve before or in conjunction with deciding whether to order further relief.

In support of this Motion and Response, Plaintiff states as follows:

## PROCEDURAL BACKGROUND

1.    This case involves a challenge to the wealth-based post-arrest procedures in Randolph County, Alabama. At present Defendants set bail pursuant to a bail schedule, and do not conduct any sort of individualized hearing until up to a month after the person is detailed. *See* Compl. ¶¶ 13-17, 21-26 (Doc. No. 1). Plaintiff contends this jailing violates her and others' rights under the Fourteenth Amendment to the U.S. Constitution.

2.    Plaintiff Ms. Edwards filed this action on May 18, 2017, a day after she was arrested and charged with forging a $75 check, a Class C Felony.  Ms. Edwards' bond was set at $7,500, an amount she could not afford as she was homeless and without work.  Compl. ¶ 30-35; Edwards Decl. ¶¶ 2-3, 6.

3.    Plaintiff also filed a Motion for a Temporary Restraining Order (Doc. No. 2) that related only to her; a Motion for Class Certification (Doc. No. 5) to represent a class of others detained now and in the future in Randolph County because they cannot pay a bond amount set pursuant to a schedule and without an individualized hearing, and a Motion for a Preliminary Injunction (Doc. No. 3) seeking class-wide relief.

4.    The Court granted the Motion for a TRO related only to Plaintiff Edwards six hours after it was filed, finding that Ms. Edwards was suffering irreparable injury by being detained and that she was likely to succeed on the merits, and ordering that Defendant Sheriff Cofield not continue to jail her solely because of "her inability to pay a secured monetary amount as a condition of release."  Doc. No. 9.  The Court subsequently noted that "[t]he law on the issues raised in the complaint is well-settled," and ordered the parties to "participate in a face-to-face mediation on or before June 30, 2017," as well as to brief whether the case can continue since Ms. Edwards is now released.  Doc. Nos. 28, 31.[1]  Defendants are directed to respond to the mootness issue by June 30, and Plaintiff is to reply by July 7, 2017.  Doc. No. 31.

---

[1] The Court also noted that "[t]here may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review." Order (Doc. No. 31) (quoting *Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975)).  This case fits within that exception as Plaintiff's claim is "inherently transitory" and because Defendants may unilaterally moot any particular person's claim.  *See County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (finding exception to mootness even though "the class was

5.    The parties agreed to mediate with Magistrate Judge Walker, and a mediation date was set for June 26, 2017.  Doc. No. 29.  In advance of that mediation, the parties agreed to meet in person on June 14, and the Plaintiff sent a written proposal to Defendants beforehand to facilitate the discussion and make progress before the mediation with Judge Walker.[2]

6.    After meeting in person and having subsequent discussions by phone and email, Defendants Tinney, May, and Puckett filed a Motion to Continue Mediation and Briefing Deadlines (Doc. No. 36).  They seek to extend the mediation deadline and briefing deadlines by 60 days.  *See* Defs.' Mot. to Continue ¶ 6.

7.    Plaintiff opposes this request to delay.  As explained more fully below, Plaintiff requests, in light of the Defendants' inability or unwillingness to mediate promptly, that the Court set a briefing schedule for the pending motions for Preliminary Injunction and Class Certification, and deny Defendants' request to delay briefing of the issue of mootness.  Plaintiff respectfully states that she is ready and willing to mediate at any time, but if there is no willing partner to do so at this time, then the litigation should proceed.

8.    Separately, Defendant Sheriff Cofield filed a timely motion to dismiss, which is pending.  Doc. No. 30.  Defendants Tinney, May, and Puckett have not responded to the

---

not certified until after the named plaintiffs' claims had become moot" because the claims raised were "inherently transitory"); *Walker v. City of Calhoun, Georgia*, No. 4:15-CV-170-HLM, 2016 WL 361580, at *3 (N.D. Ga. Jan. 28, 2016) (same where plaintiff challenging bail schedule was released); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1050 (5th Cir. Unit A July 1981) (same where mootness caused by "the defendant's purposive acts"); *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 704–05 (11th Cir. 2014) (affirming *Zeidman*).

[2] The written proposal constitutes a two-page cover letter and a two-page attachment of proposed procedures to reform Randolph County's unconstitutional practices.  Defendants assert that the proposal was sent "[t]he night before" the meeting on June 14.  Defs.' Mot. to Continue ¶ 3.  Respectfully, the timing of sending the proposal is immaterial given that both parties were ordered by the Court, on June 1, 2017, to mediate by June 30, 2017, and a mediation is inherently a mutual process that is to be borne by *both* parties, not simply the Plaintiff.  But to the extent it is relevant, Plaintiff's counsel emailed the proposal at 8:09 a.m. on June 13, 2017, more than 24 hours before the meeting that occurred at 9:30 a.m. on June 14.

Complaint nor sought an extension of time to do so. Their response was due June 8, 2017. *See* Fed. R. Civ. P. 12(a)(1)(A).

### REASONS FOR SETTING EXPEDITED SCHEDULE AND HEARING ON PENDING MOTIONS FOR PRELIMINARY INJUNCTION AND CLASS CERTIFICATION

9. As the Court recognized in granting Ms. Edwards' Motion for a TRO, Ms. Edwards "demonstrated that her continued detention constitutes the kind of irreparable injury justifying immediate relief." Doc. No. 9 at 3 (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *United States v. Bogle*, 855 F.2d 707, 710–11 (11th Cir. 1988)).

10. While Ms. Edwards has now been released, others being held pre-trial are suffering an equivalent irreparable injury because they are detained simply because they cannot afford a secured bail amount set pursuant to a schedule and without an individualized inquiry.

11. This Court put off the question of whether class-wide preliminary injunctive relief was necessary given that there is at least a question of mootness after Ms. Edwards' release, that the law in this area is settled, and that if the parties would sit down and engage this settled case-law with the help of a mediator, an agreed-to solution seemed highly likely. Indeed, in a previous case raising similar issues, the parties were able to work out new procedures in a matter of days.[3]

12. Unfortunately, Defendants are taking the position in their Motion to Continue that they cannot mediate at this time, and are asking for a 60-day delay, during which time the irreparable injuries Plaintiff complains of will continue unabated. Plaintiff briefly responds to the merits of Defendants' request to delay below, but notes here that, valid or not, it is clear that a quick resolution among the parties is unlikely.

---

[3] *See Cooper v. City of Dothan*, No. 1:15-cv-425-WKW, 2015 WL 10013003 (M.D. Ala. June 18, 2015).

13.    Because irreparable injury is ongoing, Plaintiff respectfully requests that the Court set an expedited briefing schedule and hearing on the pending motions for Preliminary Injunction and Class Certification so that this Court can address whether it should enter further preliminary relief.

## REASONS FOR ORDERING A RESPONSIVE PLEADING BY DEFENDANTS TINNEY, MAY, AND PUCKETT

14.    The Complaint was filed on May 18, 2017.  Doc. No. 1.

15.    A responsive pleading was due on June 8, 2017.  Fed. R. Civ. P. 12(a)(1)(A).

16.    Defendants Tinney, May, and Puckett have not responded to any of the core contentions of this lawsuit.  This is not paramount *if* the Court orders briefing on the Motion for Preliminary Injunction *and* leaves in place the ordered briefing on mootness.  But as Defendants are in default, and as their responses to the allegations of the lawsuit likely will further help the parties and the Court assess reasonable relief and the potential for settlement, Plaintiff respectfully requests that Defendants be ordered to respond to the Complaint.

## REASONS PLAINTIFF OPPOSES A STAY OF BRIEFING AND MEDIATION FOR 60 DAYS

17.    Again, Defendants Tinney, May, and Puckett seek to delay mediation and resolution of the issue of mootness for sixty days.  Doc. No. 36 ¶ 6.[4]

18.    Plaintiff recognizes that mediation may not be fruitful if both sides are not interested in pursuing it at this time, and therefore does not oppose the request of Defendants Tinney, May, and Puckett to delay the mediation set for June 26.  Moreover, Plaintiff reiterates she is willing to engage in settlement discussions at any time.

---

[4] A motion to dismiss by Defendant Cofield is also pending.  (Doc. No. 30.)  Plaintiff does not perceive the motion by Defendants Tinney, May, and Puckett as attempting to delay the schedule on that motion, and Plaintiff does not request to stay briefing on that motion.

19.    Plaintiff nevertheless opposes the request to delay briefing, and also the request to delay mediation, because the reasons given to justify this delay are not well taken.

20.    The gravamen of Defendants' argument appears to be a desire for a uniform solution to a perceived statewide problem of illegal bail practices.  While laudable, this rationale does not explain why irreparable injury in Randolph County must continue unabated, for several reasons.[5]

21.    *First*, Plaintiff filed a lawsuit and seeks to represent a class that is limited to Randolph County.  While a broader settlement would be welcome, the primary focus of Ms. Edwards and her counsel is what is occurring *within Randolph County*.  Plaintiff is not seeking to represent a statewide class and has not named any defendants who operate outside of Randolph County.

22.    *Second*, while an amicable settlement in this case *may* become a model for other jurisdictions (just as a binding court order could), that does not justify delay.  A resolution specific to Randolph County would have no binding effect on any other jurisdiction or case in Alabama and would not prevent actors in other counties engaging in similar constitutional violations from arriving at different solutions.  In this regard, the Court's prior rulings in cases challenging the pretrial bail practices in the municipal courts of Clanton and Dothan are instructive.[6]  While over seventy municipalities have now reformed their pretrial detention practices after these cases' requests for preliminary injunctive relief were resolved, only a few are identical to those entered in Clanton and Dothan.  Most saw fit to devise their own specific

---

[5] Defendants also note that there is another case in the Northern District involving similar issues, and argue that it would be "more uniform and efficient method of resolving these issues" if "one Division of the AG's office handle these matters."  Doc. No. 36 ¶ 4.  True or not, the internal workings of the AG's office do not justify a delay and continued public irreparable injury.

[6] *See supra* note 3.

solution, albeit in a way that is consistent with the Fourteenth Amendment to the U.S. Constitution.[7]  In addition, bail reform has been implemented in the district courts in Jefferson County without need for a simultaneous statewide solution.[8]

23.    *Third*, and relatedly, the relief Plaintiff seeks[9] is consistent with existing statutes and rules in Alabama and does not require a statewide solution like a legislative or rule change.[10] The bail schedule presently used in Randolph County originated from a local administrative decision of Defendant Judge Tinney and Defendant Clerk May; it is not compelled by Alabama law.  Indeed, Plaintiff does not challenge the constitutionality of any Alabama statute or rule in her complaint.

24.    *Fourth*, as this Court has already noted, the law in this area is well settled.  *See Pugh v. Rainwater*, 572 F.2d 1053, 1057 (5th Cir. 1978) ("The incarceration of those who cannot [pay the amount required by a bail schedule], without meaningful consideration of other possible alternatives, infringes on both due process and equal protection requirements").  The Court

---

[7] *See generally* Pls.' Mem. in Supp. of Mot. for Prelim. Inj. 19 n.17 and accompanying text (Doc. No. 4).

[8] *See id.* at 19 n.18 and accompanying text.

[9] Plaintiff proposes to enjoin Defendant Cofield from "enforcing post-arrest procedures that require arrestees to pay a secured monetary amount as a condition of release unless the Defendant is notified in writing that there has been an inquiry into the person's present ability to pay the monetary amount, consideration of alternative non-financial conditions of release, and a finding on the record, where counsel was made available to represent the arrestee and the arrestee was able to present evidence, that any condition of release was the least restrictive condition necessary to achieve public safety and court appearance."  Proposed Order to Mot. for Prelim. Inj. (Doc. No. 3-1).

[10] *See, e.g.*, Cmt. to Ala. R. Crim. P. 7.2 ("Rule 7.2 is based on the presumption of innocence of the accused and the policy that a defendant should be released pending trial whenever possible."); Ala. R. Crim. P. 4 (requiring judge to conduct an initial appearance following arrest to determine an arrestee's "conditions of release"); Ala. R. Crim. P. 4.3 (requiring an initial appearance within 48-hours of a warrantless arrest and 72-hours following a warrant arrest).  *See also State v. Blake*, 642 So. 2d 959 (Ala. 1994) (striking down statute allowing for indigent arrestees to be held for 72 hours solely because of inability to pay).

already explained why Plaintiff is likely to prevail on the merits when it entered the Temporary Restraining Order, *see* Doc. No. 9 at 2, and this Court has previously seen fit to enter temporary restraining orders in other cases involving pre-trial detention.[11]    The long history of constitutional violations in Randolph County notwithstanding, the legal principles at issue are not particularly complicated.

25.    Finally, even if mediation is delayed, there is no justification to delay addressing the issue of mootness raised *sua sponte* by the Court.  A schedule is already in place (and was already extended once by the Court), and the issue of mootness goes to the core of whether this Court has jurisdiction.  As Plaintiff will explain more fully in her brief, there is a straightforward answer: because this case involves claims that are inherently transitory and subject to being picked off, there are well-settled exceptions to the mootness doctrine that apply to this case.  *See supra* note 1.

## CONCLUSION

For the reasons set forth above, Plaintiff Ms. Edwards requests that the Court (1) set an expedited briefing schedule on the pending Motions for Preliminary Injunction and Class Certification, (2) set an expedited hearing on the same; (3) leave in place the current briefing schedule on the issue of mootness, and (4) order Defendants Tinney, May, and Puckett to respond to the Complaint.

Dated: June 22, 2017.                    Respectfully submitted,

                                        /s/ Samuel Brooke
                                        _____
                                        Samuel Brooke
                                        *On behalf of Attorneys for Plaintiff*

                                        Samuel Brooke (ASB-1172-L60B)

_____

[11] *See supra* note 3.

Micah West (ASB-1842-J82F)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL  36104
P:  (334) 956-8200
F:  (334) 956-8481
E: samuel.brooke@splcenter.org
E: micah.west@splcenter.org

Alec Karakatsanis (DC Bar No. 999294)*
Katherine Hubbard (Cal. Bar No. 302729)*
CIVIL RIGHTS CORPS
910 17th Street NW, Suite 500
Washington, DC  20006
P: (202) 930-3835
E: alec@civilrightscorps.org
E: katherine@civilrightscorps.org

Randall C. Marshall (ASB-3023-A56M)
Brock Boone (ASB-2864-L11E)
ACLU FOUNDATION OF ALABAMA, INC.
P.O. Box 6179
Montgomery, AL  36106-0179
P: (334) 420-1741
E: rmarshall@aclualabama.org
E: bboone@aclualabama.org

Brandon Buskey (ASB-2753-A50B)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
CRIMINAL LAW REFORM PROJECT
125 Broad Street, 18th Floor
New York, NY  10004
P: (212) 549-2654
E: bbuskey@aclu.org

*Admitted pro hac vice
**Attorneys for Plaintiffs**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date the foregoing was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record, including:

Jamie H. Kidd
WEBB & ELEY, P.C.
P.O. Box 240909
Montgomery, AL 36124

Steve Marshall
Benjamin H. Albritton
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL 36130-0152

on this June 22, 2017.

/s/ Samuel Brooke
Samuel Brooke