IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **KANDACE KAY EDWARDS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** |
| ) | **3:17-CV-321-WKW** |
| ) | |
| **DAVID COFIELD, in his official** ) | |
| **Capacity as Randolph County** ) | |
| **Sheriff,** *et al.***,** ) | |
| ) | |
|     **Defendants.** ) | |

### JUDICIAL DEFENDANTS' RESPONSE TO COURT'S ORDER ADDRESSING ISSUES ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COME NOW, the Defendants, Hon. Clay Tinney, Randolph County, Alabama District Judge; Hon. Christopher May, Randolph County, Alabama Circuit Clerk; and Jill Puckett, Randolph County, Alabama Magistrate, by and through undersigned counsel, and do hereby submit this response the Court's Order (Doc. # 31) addressing the issues of whether the motion for a preliminary injunction as to the proposed class is moot and, if not, whether the current class representative must be replaced in order for the action to proceed. This Response is confined to these issues and is not a waiver of any other defense or a concession that either class certification or entry of a preliminary injunction is appropriate in this case.

### PROCEDURAL BACKGROUND

Plaintiff, Kandace Kay Edwards, a resident of Roanoke, Alabama, was arrested on May 17, 2017, for a Class C felony. (Doc. # 6, p. 2). Counsel for

Plaintiff filed a Complaint and Motion for Temporary Restraining Order on behalf of the Plaintiff on May 18, 2017, at 11:40 a.m. (Docs. # 1, 2, and 25, ¶ 2). Counsel for Plaintiff also filed a Motion for Class Certification and a Motion for Preliminary Injunction with respect to the proposed class on May 18, 2017. (Docs. # 3 and 5).  The Court's Order (Doc. # 9) granted Plaintiff's motion for temporary restraining order and, among other things, enjoined Defendants from continuing to jail Plaintiff based solely on her inability to pay a secured monetary amount as a condition of release. Plaintiff was released from the Randolph County Jail prior to the issuance of this Court's Order (Doc. # 9), which was entered the same day as the initial pleadings, May 18, 2017, at 5:45 p.m., which was roughly six hours after this case was filed. (Doc. # 22, ¶5).

Counsel for Defendants filed a response to Plaintiff's Motion for Preliminary Injunction (Doc. # 22), stating that the basis for Plaintiff's motion for temporary restraining order and motion for preliminary injunction were moot because Plaintiff was not being detained.  Therein, the Defendants also petitioned this Court to determine that Plaintiff's Motion for Preliminary Injunction was moot. In response, Counsel for Plaintiff filed Plaintiff's Reply to Defendants' Response to Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. # 25).  In this pleading, Plaintiff avers that neither her Motion for Class Certification (Doc. # 5) nor her Motion for Preliminary Injunction on behalf of the Proposed Class (Doc. # 3) is moot, even though the Plaintiff is no longer being detained.  (Doc. # 25, ¶ 14). On June 13, 2017, this Court entered an Order (Doc. # 31), requesting the parties brief the issue of whether this action

may proceed if the motion for temporary restraining order and the claims as to the Plaintiff are moot.

**I.   These Defendants contend the Motion for Preliminary Injunction as to the proposed class is indeed moot.**

Generally, if the claims of a named plaintiff in a class action lawsuit become moot prior to class certification, dismissal of the action is required. *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (); *Susan v. Riley*, 616 F. Supp.2d 1219, 1233 (M.D. Ala. 2009).  In this matter, Plaintiff was arrested on May 17, 2017 and released on May 18, 2017.  All information points to the fact that the Plaintiff was in custody for likely less than 24 hours.  The claims of Plaintiff Edwards were mooted by the fact the Plaintiff was no longer confined within the Randolph County Jail. The facts similarly establish that had the Court been aware that she had been released prior to its entering a TRO, that request may have been moot as well.

Counsel for Plaintiff seek to have her represent a class of which she is not a member.  But, a plaintiff <u>cannot</u> represent a class of which he is not a member. *Bailey v. Patterson*, 369 U.S. 31, 31-32 (1962); *Hall v. Beals*, 396 U.S. 45 (1969). Moreover, the Eleventh Circuit has stated that "[i]n a class action, the claim of the named plaintiff, who seeks to represent the class, must be live both at the time he brings the suit and when the district court determines whether to certify the putative class.  If the plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss as moot." *Barrs v. Southern Conference*, 734 F. Supp.2d 1229, 1236 (N.D. Ala. 2010) *quoting Tucker v. Phyfer*, 819 F.2d 1030, 1033 (11th Cir. 1987). Because the class has yet to be certified, those unnamed

3

members have not acquired a legal status separate from the interest of the named Plaintiff.  Accordingly, because of the claims of the named Plaintiff being moot and the class not yet being certified, the motion for preliminary injunction as to the proposed class is also moot.

The Defendants recognize, however, that there is a line of cases in which the Supreme Court has determined that the termination of a class representative's claim does not necessarily moot the claims of the unnamed members of the class. The premier case for this proposition is *Sosna v. Iowa*, 419 U.S. 393 (1975).  In *Sosna* the class was certified before the named plaintiff's claim became moot. The Court noted, however, that:

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion.  In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the case ***and especially the reality of the claim that otherwise the issue would evade review***.

*Id*. at 402 n. 11 (emphasis added).  Courts have referred to cases such as these as being transitory in nature. It is clear from Plaintiff's pleadings as well as other lawsuits currently filed and potentially threatened statewide, that, in reality, these issues will not evade review.  The key factor in relating a claim back and, thus whether it can be deemed moot, stems from the court's preserving otherwise valid claims that could possibly evade review.

Further, the "relation back" doctrine allows a named plaintiff whose claims are moot to represent class members not because the named has moved to certify

4

a class, but because the named plaintiff will adequately present the class claims and unless allowed to do so the class claims will be capable of repetition, yet evade review." *Stein v. Buccaneers Ltd. Partners*, 772 F. 3d 698, 706 (11th Cir. 2014). Again, the Court focuses on avoiding the ability to evade review, and states that the named plaintiff must adequately present the class claims.

Although, pretrial detention matters have been typically used the relation-back principle in class action lawsuits, it would be improper to use this principal in this matter. In all previous cases noted, there has never an instance where a named plaintiff's claims became mooted within 24 hours of issuance of the case and even prior to the issuance of a TRO. Such a short timeframe again begs the question whether the Plaintiff Edwards should be considered a member of the class, would diligently pursue the class claims, and whether the Plaintiff has stated a true case in controversy. Because the issues likely will not evade review, and because the Plaintiff is not the proper party to bring these claims, the Defendants contend the preliminary injunction motion as to the proposed class is likewise moot.

**II.    Alternatively, should the Court determine the motion is not moot, these Defendants contend that the named plaintiff must be replaced in order for the action to proceed.**

Per Federal Rule of Civil Procedure 23, a party seeking certification must demonstrate all elements of subsection (a) and at least one of the three requirements set forth in subsection (b) of Rule 23. Section 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

representative parties are typical of claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Plaintiffs allege that the class is numerous. (Doc. # 6). These allegations notwithstanding, there has been only one name submitted for this class action. While there is no fixed size to demonstrate numerosity, more than forty members of a class has been deemed to be adequate. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). Plaintiff describes a situation that is ongoing and rampant in Randolph County. Surely with the situation being as dire as Plaintiff describes in a small rural county, there should be no problem locating an adequate class representative. Plaintiff's inability to name additional plaintiffs who could represent the class calls into question whether the numerosity requirement set forth in 23(a)(1) exists as alleged.

Furthermore, the experience of this named Plaintiff does not mimic the pretrial detention scheme alleged within the complaint. As such, the named plaintiff cannot adequately represent the class and fulfill the commonality requirement of Rule 23(a)(2). Plaintiff Edwards is unable to represent the claim as she lacks sufficient commonality to adequately protect the interests of the class as required pursuant to Rule 23(a)(4).

WHEREFORE, the Defendants request that the motion for preliminary injunction as to the proposed class be deemed moot and the matter dismissed. In the alternative, the Plaintiff should be given time to substitute the named Plaintiff for another member in the class.

          Respectfully submitted,

          STEVE MARSHALL
          ATTORNEY GENERAL


          s/ *Benjamin H. Albritton*
          Benjamin H. Albritton
          ASSISTANT ATTORNEY GENERAL


**ADDRESS OF COUNSEL:**
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
334-242-7300
334-242-2433 (Fax)
balbritton@ago.state.al.us


## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 30th day of June, 2017, electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system and the Clerk of Court using the CM/ECF filing system will send notification of same to the following:

  Alec Karakatsanis - alec@civilrightscorps.org
  Brandon Buskey - bbuskey@aclu.org
  Katherine Hubbard - katherine@civilrightscorps.org
  Micah West - micah.west@splcenter.org
  Randall C Marshall - rmarshall@aclualabama.org
  Samuel Jacob Brooke - samuel.brooke@splcenter.org
  Brock Boone - bboone@aclualabama.org
  Jamie Helen Kidd - jkidd@webbeley.com


          s/ *Benjamin H. Albritton*
          Benjamin H. Albritton
          ASSISTANT ATTORNEY GENERAL