**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **KANDACE KAY EDWARDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **3:17-CV-321-WKW** |
| ) | |
| **DAVID COFIELD, in his official** ) | |
| **Capacity as Randolph County** ) | |
| **Sheriff,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**MOTION TO DISMISS AND ANSWER**

COME NOW, the Defendants, Hon. Clay Tinney, Randolph County, Alabama District Judge; Hon. Christopher May, Randolph County, Alabama Circuit Clerk and Jill Puckett, Randolph County, Alabama Magistrate, by and through undersigned counsel, and in compliance with the Court's Order (Doc. # 41, ¶3) reassert their position that this matter has been rendered moot and should be dismissed as set forth is their reply to Plaintiff's motion for a preliminary injunction (Doc. 44). Without waiving this position, these Defendants answer the complaint as follows:

**I.    PRELIMINARY STATEMENT**

1. All material allegations of this paragraph are denied.

2. Denied. Additionally, this paragraph makes the false claim that Plaintiff remained in jail for the entire duration of her case.

3. It is admitted that Ms. Edwards was arrested. The remaining allegations are denied. She was released prior to a TRO being entered.

4. These Defendants deny that there are others similarly situated to Plaintiff, or that she is entitled to seek relief on her or anyone else's behalf. Any injunctive relief available to Plaintiff is now moot.

## II.   JURISDICTION AND VENUE

4.[1]   The Defendants assert the matter is moot and there is no legal justiciable controversy at this point. If the matter were not moot, jurisdiction would be disputed.

5. It is admitted that were the allegations not moot, venue would not be disputed.

## III.   PARTIES

A. **Plaintiff**

6. Admitted upon information and belief, but denied that Ms. Edwards is a proper Plaintiff.

B. **Defendants**

7. Admitted

8. Admitted

9. Admitted

10. Admitted.

## IV.   STATEMENT OF FACTS

A. Although this is a title rather than a numbered allegation, to the extent any response is necessary, the allegations contained in this title are denied.

---

[1] Plaintiff's Complaint has two paragraphs numbered as four.

i. Although this is a title rather than a numbered allegation, to the extent any response is necessary, the allegations contained in this title are denied.

11. These Defendants have insufficient information to admit or deny the allegations made in this paragraph, so the same are denied.

12. The defendants admit that there is a bail schedule. The remaining allegations are denied.

13. Denied.

14. Denied as phrased.

15. Denied as phrased.

16. It is admitted that Judge Tinney performs his duties as District Judge and that Magistrate Puckett performs her duties as a Magistrate. The remaining allegations are denied as phrased.

17. It is admitted that Mr. Cofield is Sheriff and performs his duties as Sheriff. Based on these Defendants' knowledge, the remaining allegations are denied. These Defendants assert Sheriff Cofield is better suited to address this paragraph.

ii. Although this is a title rather than a numbered allegation, to the extent any response is necessary, the allegations contained in this title are denied. These Defendants assert Sheriff Cofield is better suited to address this allegation.

18. Denied as phrased

19. Denied as phrased

20. Denied as phrased

    iii.    Although this is a title rather than a numbered allegation, to the extent any response is necessary, the allegations contained in this title are denied.

21. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

22. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

23. Denied.

24. Denied

25. Denied

26. Denied

27. Denied as phrased.

28. Denied

29. Denied

B. Although this is a title rather than a numbered allegation, to the extent any response is necessary, the allegations contained in this title which are not moot are denied.

30. Admitted upon information and belief

31. These Defendants do not have sufficient knowledge to admit or deny these allegations, thus the same are denied.

32. Admitted upon information and belief.

33. These Defendants were not present and have no way of knowing what may or may not have been said by other third parties, therefore, the same is denied.

34. These Defendants do not have sufficient knowledge to admit or deny these allegations, thus the same are denied.

35 These Defendants do not have sufficient knowledge to admit or deny these allegations, thus the same are denied.

36. Denied as phrased.

37. These Defendants do not have sufficient knowledge to admit or deny these allegations, thus the same are denied. Additionally, Ms. Edwards was released prior to a TRO being entered.

C. Although this is a title rather than a numbered allegation, to the extent any response is necessary, those allegations contained in this title which are not moot are denied.

38. This paragraph states opinion rather than make an allegation therefore no response is necessary. To the extent one is required, any material allegation is denied.

39. This paragraph states opinion rather than make an allegation therefore no response is necessary. To the extent one is required, any material allegation is denied.

40. This paragraph states opinion rather than make an allegation therefore no response is necessary. To the extent one is required, any material allegation is denied.

41. This paragraph states opinion rather than make an allegation therefore no response is necessary. To the extent one is required, any material allegation is denied.

42. This paragraph states opinion rather than make an allegation therefore no response is necessary. To the extent one is required, any material allegation is denied.

43. This paragraph states opinion rather than make an allegation therefore no response is necessary. Additionally, without knowing what "other jurisdictions" Plaintiff refers to, these Defendants do not have sufficient knowledge to admit or deny these allegations, thus the same are denied.

44. This paragraph states opinion rather than make an allegation therefore no response is necessary. Additionally, without knowing what "other jurisdictions" Plaintiff refers to, these Defendants do not have sufficient knowledge to admit or deny these allegations, thus the same are denied.

45. This paragraph states opinion rather than make an allegation therefore no response is necessary. Additionally, without knowing what "other jurisdictions" Plaintiff refers to, these Defendants do not have sufficient knowledge to admit or deny these allegations, thus the same are denied.

46. This paragraph states opinion rather than make an allegation therefore no response is necessary. To the extent one is required, any material allegation is denied.

47. This paragraph states opinion rather than make an allegation therefore no response is necessary. To the extent one is required, any material allegation is denied.

## V. CLASS ACTION ALLEGATIONS

48. These Defendants deny that the Plaintiff has identified a proper class or that she is a proper class representative.

49. Denied

50. Denied

51. Denied

52. Denied

53. Denied

54. Denied

55. Denied, including subparts a – e

56. Denied, including subparts a – d

57. Denied

58. Denied

59. Denied

60. Denied

61. These Defendants do not deny counsel's abilities or expertise. Defendants deny this matter as postured is appropriate for a class action.

62. Denied.

63. These Defendants deny that injunctive relief is proper in this matter as currently postured.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

64. No response is required for this paragraph.

7

65. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

66. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

67. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

68. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

69. Denied

## SECOND CLAIM FOR RELIEF

70. No response is required for this paragraph.

71. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

72. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

73. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

74. Denied

75. Denied

## THIRD CLAIM FOR RELIEF

76. No response is required for this paragraph.

77. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

78. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

79. This is a legal conclusion and therefore no response at this point. These Defendants assert that the law speaks for itself.

80. Denied

## VII.  REQUEST FOR RELIEF

These Defendants deny that the plaintiff is entitled to relief in any form, including subparts a – i.

## AFFIRMATIVE DEFENSES

1. These Defendants plead immunity.

2. The matter and claims for injunctive relief are moot.

3. The Plaintiff has failed to state a claim upon which relief can be granted.

4. The Plaintiff lacks standing.

5. No viable class has been identified.

6. The Plaintiff is not a proper class representative.

7. An award of attorneys' fees would violate the Eleventh Amendment to the United States Constitution.

8. The Plaintiff has not established a viable constitutional violation and therefore presents no federal question.

9. The Court lacks jurisdiction.

10. The Plaintiff's Complaint fails to state injuries or damages caused by these Defendants which violate Plaintiffs' constitutional rights or for which any relief can be granted.

11. To the extent applicable, these Defendants plead the statute of limitations.

12. To the extent applicable, these Defendants plead the doctrines of release, judicial estoppel, equitable estoppel, and waiver.

13. These Defendants plead the "*Younger* abstention doctrine." *Younger v. Harris,* 301 U.S. 37 (1971).

14. These Defendants plead that each and every action taken by them was taken in the good faith belief that the same was legal and lawful at the time so taken.

15. These Defendants plead that Plaintiff has no clear right to the relief sought in the Complaint.

16. These Defendants plead failure of conditions precedent required for Plaintiff to bring this suit.

17. These Defendants plead that the alleged violations of Plaintiffs' rights were not the result of a policy, custom or practice.

18. These Defendants plead in addition to asserting that an award of costs and attorneys' fees are not available against them, all available affirmative defenses found in 42 U.S.C. § 1997e, including the limitations on attorneys' fees contained in that section.

19. These Defendants plead they owed no legal duty to Plaintiff or purported class members under common law, statutory law, or the Constitution of the United States.

20. These Defendants plead certification of a class, as applied to the facts and circumstances of this case, would constitute a denial these Defendants' due process rights, both substantive and procedural, in violation of the Fourteenth Amendment of the United States Constitution and the Alabama Constitution of 1901.

21. Plaintiffs' claims for injunctive relief in ongoing matters are barred by the exclusive federal remedy of habeas corpus.

22. Plaintiffs' claims for prospective injunctive relief would constitute an intrusive, unworkable, and ongoing interference by this Court with state court criminal proceedings and would violate principles of comity and federalism.

23. Plaintiffs cannot obtain injunctive relief against judicial actors pursuant to 42 U.S.C. §1983.

24. The federal courts should exercise abstention.

25. Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

26. The Plaintiffs have failed to show the likelihood of irreparable harm.

27. The issuance of an injunction would not serve the public interest.

28. These Defendants assert, adopt and incorporates by reference as if fully set forth herein all affirmative defenses asserted by the other defendants in this case, to the extent that those affirmative defenses are not inconsistent with the answers, denials, and affirmative defenses asserted by these Defendants.

29.     These Defendants reserve the right to plead additional defenses as they become known in the course of discovery.

                                Respectfully submitted,

                                STEVE MARSHALL
                                ATTORNEY GENERAL

                                s/ *Benjamin H. Albritton*
                                Benjamin H. Albritton
                                ASSISTANT ATTORNEY GENERAL

**ADDRESS OF COUNSEL:**
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
334-242-7300
334-242-2433 (Fax)
balbritton@ago.state.al.us

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 11th day of July, 2017, electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system and the Clerk of Court using the CM/ECF filing system will send notification of same to the following:

Alec Karakatsanis - alec@civilrightscorps.org

Brandon Buskey - bbuskey@aclu.org

Katherine Hubbard - katherine@civilrightscorps.org

Micah West - micah.west@splcenter.org

Randall C Marshall - rmarshall@aclualabama.org

Samuel Jacob Brooke - samuel.brooke@splcenter.org

Brock Boone - bboone@aclualabama.org

Jamie Helen Kidd - jkidd@webbeley.com

                                       s/ *Benjamin H. Albritton*
                                       Benjamin H. Albritton
                                       ASSISTANT ATTORNEY GENERAL