IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KANDACE KAY EDWARDS, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-CV-321-WKW |
| | ) | [WO] |
| DAVID COFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is the motion for class certification filed by Plaintiff Kandace Kay Edwards (Doc. # 5), which has been fully briefed (Docs. # 6, 95, 96, 98). Plaintiff seeks to certify a class consisting of "[a]ll state-court arrestees who are or who will be jailed in Randolph County who are unable to pay the secured money bail amount required for their release." (Doc. # 98, at 2.) Because she has carried her burden under Rule 23 of the Federal Rules of Civil Procedure, her motion is due to be granted.

## **I. JURISDICTION AND VENUE**

Subject-matter jurisdiction is proper under 28 U.S.C. § 1331, and the parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). To avail herself of this exception, a plaintiff seeking class certification bears the burden of proving that she has satisfied the four prerequisites of Rule 23(a) — often shorthanded as numerosity, commonality, typicality, and adequacy — and that the class action will meet one of the three requirements of Rule 23(b). Fed. R. Civ. P. 23(a), (b); *see Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016) ("All else being equal, the presumption is against class certification because class actions are an exception to our constitutional tradition of individual litigation.").

The Named Plaintiff seeks certification of a class under Rule 23(b)(2). As a result, along with the 23(a) prerequisites, she must also prove that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). All of this proof must be made by a preponderance of the evidence. *Smith v. Triad of Ala., LLC.*, No. 1:14-CV-324-WKW, 2017 WL 1044692, at *1 & n.1 (M.D. Ala. Mar. 17, 2017).

## III. DISCUSSION

The parties agree that Plaintiff has met the requirements for class certification under Rule 23(a) and (b)(2), although there is some dispute about the definition and number of classes. Plaintiff defined her proposed class in her motion for class certification (Doc. # 5) and supporting memorandum (Doc. # 6) as consisting of "all arrestees who are or who will be jailed in Randolph County who are unable to pay the secured monetary bail amount required for their release." (Doc. # 5, at 1; Doc. # 6, at 2.) In her reply brief, Plaintiff suggested modifying that definition to include "[a]ll state-court arrestees who are or who will be jailed in Randolph County who are unable to pay the secured money bail amount required for their release." (Doc. # 98, at 2.) That modification was intended to exclude municipal-court arrestees as well as individuals "detained solely due to a hold request from another jurisdiction." (Doc. # 98, at 2.) But it was meant to include arrestees for whom a hold request is made when "bail is set by the Randolph County District or Circuit Court, for purposes of addressing the proprietary bail set by the Randolph County court." (Doc. # 98, at 2.) Plaintiff's proposed modification was apparently the product of discussions with Defendant David Cofield, the Sheriff of Randolph County.

Defendants suggest that Plaintiff's proposed class should be broken into two separate classes. They assert that "the current bail procedures divide class members into two distinct classes with two distinct constitutional claims and distinct forms of

3

potential relief." (Doc. # 95, at 2; *see* Doc. # 96, at 1–2 ("Sheriff Cofield hereby joins into, adopts, and incorporates by reference the Judicial Defendants' Response, Document 95, as if fully stated herein." (Doc. # 96, at 2).).) Those classes are:

> Class 1: All state-court arrestees who are or will be in custody in the Randolph County jail who are otherwise eligible for release but who cannot afford the secured bond in the bond schedule and who must remain in custody for a maximum of 72 hours to receive an initial appearance with a judge.
> Class 2: All state-court arrestees who are or will be in custody in the Randolph County jail because they are required to post a secured bond they cannot afford after an initial appearance at which they receive the procedural process contained in Section II of the September 8, 2017 Standing Order.

(Doc. # 95, at 8.) Plaintiff objects to breaking her proposed class into two separate classes for a variety reasons. (Doc. # 98, at 2–5.)

Upon consideration of the arguments and the law on class certification, the court finds that Plaintiff's proposed class meets the requirements of Rule 23(a) and (b)(2) and that breaking that proposed class into two separate classes is unnecessary at this time. Plaintiff's proposed class is sufficiently numerous that joinder of all members would be impracticable; there are questions of law or fact common to the proposed class; Plaintiff's claims are typical of the claims of the proposed class; and Plaintiff and her counsel will fairly and adequately protect the interests of the class. Additionally, Plaintiff alleges that Defendants have acted or refused to act on grounds generally applicable to the proposed class, which would make final declaratory and injunctive relief appropriate respecting the proposed class as a

4

whole. Finally, this type of suit is the quintessential stuff of Rule 23(b)(2) class actions.

To the extent it should become necessary to revise the class definition as a result of discovery or other events, the court can revisit the issue pursuant to Rule 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion for Class Certification (Doc. # 5) is GRANTED;

2. The following class is CERTIFIED pursuant to Rule 23(a) and (b)(2): all state-court arrestees who are or who will be jailed in Randolph County who are unable to pay the secured money bail amount required for their release;

3. Attorneys Alex Karakatsanis, Esq., Samuel Brooke, Esp., Randall C. Marshall, Esq., and Brandon Buskey, Esq., are DESIGNATED as class counsel; and

4. Plaintiff Kandace Kay Edwards is DESIGNATED as the representative of the class.

DONE this 10th day of September, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE